RAPE OF FEMALE UNDER EIGHTEEN—*subsequent marriage of parties no defense to proscution for.* In a prosecution for ravishing a female who was under eighteen years, the fact that she has forgiven the accused, or has subsequently entered into the marriage relation with him, will not constitute a defense, nor relieve him from the consequences of the crime.

Appeal from Rush District Court. J. E. Andrews, Judge. Opinion filed October 8, 1898. *Affirmed.*

*L. C. Boyle,* Attorney-General, and *W. T. Clark,* County Attorney, for the State.

*H. Fierce, G. R. McKee,* and *H. E. Winterburn,* for appellant.

JOHNSTON, J. O. L. Newcomer was prosecuted upon the charge of feloniously having had sexual intercourse with Bertha Ickes, an unmarried female under the age of eighteen years. A conviction followed, and sentence of the court was imprisonment in the penitentiary for a term of five years. It appears that shortly after the act of intercourse the defendant was arrested upon a charge of rape, committed on February 20, 1897; but the parties interested were brought together, and it was agreed that a marriage should take place between the defendant and Bertha Ickes, and that the prosecution should be discontinued. The marriage occurred and the prosecution was dismissed, and the costs of the same taxed to the defendant. They lived together as man and wife until after the birth of the child, which occurred on October 12, 1897. During that time he had employment in the community where they lived, and his earnings were largely used in providing a home, and in the

protection and support of his wife.  After the birth
of the child, and about the first of November, he ob-
tained a situation as telegrapher at Enterprise, Kan-
sas ;  and he states that shortly after going there, re-
ports reached him that his wife had had improper
relations with another young man prior to his mar-
riage, and that the child was not his own.   On No-
vember 25, 1897, he wrote a letter to his wife's father,
calling his attention to the reports which had reached
him, and stating that he did not intend to longer live
with her.

Soon after the receipt of this letter, the father of his
wife instituted the present proceeding, by filing a com-
plaint charging the defendant with having had un-
lawful and felonious intercourse with Bertha Ickes on
February 9, 1897.   At the trial the fact of unlawful
sexual intercourse was well established, and in fact it
was finally admitted by the defendant.   It was also
shown that the girl was less than sixteen years of age
when the offense was committed, and therefore was
incapable of giving a valid assent to the sexual act.

As a defense, Newcomer relied solely on his mar-
riage with the girl, claiming that it was entered into
in good faith, and asserting that he still desired to
live with his wife during the life of each of them, but
that he was prevented from doing so by his father-in-
law, whose influence and acts prevented his wife from
returning to live with him, and who had been instru-
mental in causing the commencement of the prose-
cution.

. In behalf of the defendant it is argued that the evil
consequences of the unlawful act have been averted
by the marriage ;  that when the parties to the act vol-
untarily, and in good faith, entered into the marriage
relation, the offense was condoned, and that the wel-
fare of the parties and their offspring requires and the

interests of the public will be best subserved by the ending of the prosecution.

The difficulty with this contention is that the law does not provide that the offense may be expiated by marriage or condoned by the injured female. Her consent to the sexual act constitutes no defense, and neither her forgiveness nor anything which either or both will do, will take away the criminal quality of the act or relieve the defendant from the consequences of the same. The principle of condonation which obtains in divorce cases where civil rights are involved has no application in prosecutions brought at the instance of the State for the protection of the public and to punish a violation of the law. It is true, as stated, that society approves the act of the defendant, when he endeavors to make amends for the wrong done the injured female, by marrying her, and usually a good faith marriage between the parties to the wrong, prevents or terminates a prosecution; but the statute which defines the offense and declares punishment therefor, makes no such provision. If the defendant has acted in good faith in marrying the girl, and honestly desires to perform the marital obligations resting upon him, and is prevented from doing so by the influence and interference of persons other than his wife, it may constitute a strong appeal to the prosecution to discontinue the same, or to the Governor for the exercise of executive clemency, but as the law stands it furnishes no defense to the charge brought against the defendant.

The judgment of the District Court will be affirmed.