(70 South. 326)

No. 21545.

STATE v. WARREN et al.

(Nov. 29, 1915.)

*(Syllabus by Editorial Staff.)*

1. CRIMINAL LAW ☞379—EVIDENCE—GOOD REPUTATION OF ACCUSED.

While the fact that the reputation of the accused was never discussed in the community in which he lived is evidence of good character, a witness who had long known accused and had never heard his reputation discussed, while entitled to testify to that fact, and thus show his good reputation, cannot draw the inference that his reputation for peace and quietness, accused being charged with homicide, was good, and testify to that effect.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 843, 844; Dec. Dig. ☞379.]

2. CRIMINAL LAW ☞1063—APPEAL—MOTION FOR NEW TRIAL.

Accused complained that the prosecutor stated in argument he was guilty of assassination, while the prosecutor contended that in reply to arguments by accused's counsel concerning the activity of witnesses he remarked that the people of the community, believing an assassination occurred, had a right to make an investigation to bring the assassin to justice. The trial judge certified that he had no recollection of the remarks, which were not taken down. *Held* that, in the state of the record, error could not be predicated on such remarks; accused not having attempted to clear up the matter by motion for new trial or new evidence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2673, 2676–2684; Dec. Dig. ☞1063.]

O'Niell, J., dissenting.

Appeal from Tenth Judicial District Court, Parish of Concordia; N. M. Calhoun, Judge.

P. A. B. Warren, Jr., and another were convicted of manslaughter, and they appeal. Affirmed.

Hugh Tullis, R. D. Calhoun, and Philip Hough, all of Vidalia, for appellants. R. G. Pleasant, Atty. Gen., Jos. M. Reeves, Dist. Atty., of Vidalia (John Dale, of Vidalia, B. F. Young, of St. Joseph, and G. A. Gondran, of New Orleans, of counsel), for the State.

PROVOSTY, J. The two accused were tried for murder and convicted of manslaughter, and have appealed.

[1] Witnesses tendered by the accused to prove their reputation for peace and quietness in the community in which they lived were not allowed to testify, as not having qualified. The following is a sample of the testimony by which their qualification was sought to be shown:

"Q. Mr. Beard, do you know the defendants, S. W. Warren and P. A. B. Warren, Jr.? A. Yes, sir.

"Q. How long have you known them, Mr. Beard? A. I guess all their lives, Judge. I have known Barker Warren since he was a baby, and Willie Warren since he was a small boy.

"Q. How near have you lived to them during that time? A. Well, for 15 years I lived the next place to them.

"Q. Since that? A. Since that time I have lived about three miles from them, something like that; three miles, I guess.

"Q. Do you know what the reputation of these two young men is in the community in which you and they both have lived for say 25 years or more, as to whether they are peaceful men or violent and turbulent men? The Court: Mr. Beard, you are not to state what the reputation is; you are just simply to state whether you know what it is in the community in which they live; you can answer the question 'Yes' or 'No.' A. I guess I will have to say 'Yes,' Judge."

Cross-examination by Mr. Young, counsel for the state:

"Q. What means have you had of ascertaining what their reputation is in that community? A. I suppose knowing them so long, and of course a man's reputation is more or less discussed.

"Q. Have you heard it discussed before the shooting? A. Not especially; no sir; I don't think—

"Q. Have you heard it discussed at all before the shooting? A. I don't think that I have.

"Q. Then the opinion which you have as to whether or not their reputation for peace and good character is good or bad is your personal opinion? A. Yes, sir; I guess so.

"Q. Then you do not know what the balance of the people in the community may think, because you have never heard anybody say? A. No, sir.

"Q. Then you don't know the opinion of others? A. Yes, sir.

"Q. What you would testify to would be your individual opinion? A. Yes, sir."

Redirect examination by Judge Tullis, counsel for the defense:

"Q. Did you ever hear the reputation of any good men in your community or ward, we will say, discussed? Mr. Young: Objected to for the reason that it does not tend to show whether or not Mr. Beard has any knowledge of the character of the two accused, and for the further reason that it is irrelevant and immaterial."

(The jury was then ordered withdrawn by the court, for the purpose of hearing arguments of counsel.)

"The Court: The court rules that it is immaterial and irrelevant and inadmissible. (To which ruling and action on the part of the court defendants, through counsel, then and there duly excepted and reserved bill of exceptions. The jury was then recalled to the courtroom.)

"Q. Mr. Beard, you have stated that you know the general reputation of the two defendants in the community in which they live, as to whether they are peaceful men or are violent and turbulent men; please state to the jury what that reputation is.

"Mr. Young: Objected to for the reason that the question presupposes testimony on the part of the witness which has not been given, his testimony showing that he does not know what their reputation is in the community, and only knows what his individual opinion of their reputation may be, and for the further reason that the proper foundation for the introduction of character has not been introduced.

"The Court: Objection sustained, in support of which ruling the court cites the same authority as previously cited. (To which ruling and action on the part of the court the defendants, through counsel, then and there duly excepted and reserved bill of exceptions.)"

The authority thus referred to is State v. Blassengame, 132 La. 262, 61 South. 219. The relevant part of that decision reads as follows:

"Mack Roscoe, a witness for the state, was called for the purpose of proving the character of the deceased as a man of peace, and he testified that he had never heard it discussed, but that he knew the deceased and the people in the oil field, among whom he lived and worked, and that from his contact with them and his personal observation he knew the character and reputation of the deceased.

"The court held:

"'That, under the circumstances, the witness was qualified to testify concerning the character and reputation of deceased in Oil City and that neighborhood'

"—and admitted the testimony over the objection of the defendant. The objection was improperly overruled, since what was called for was the opinion of the community—not of the witness—and there is but one way in which a witness can become qualified to testify affirmatively on that subject, and that is by hearing members of the community express their opinions. If he has never heard such expressions, he may so testify, and the jury will draw its own conclusions."

The learned counsel for the accused very properly argue that the fact of the reputation of an accused having never been discussed in the community in which he has been living is evidence of good character, and that therefore the doctrine of this Blassengame Case is erroneous, and the ruling of the trial judge based upon it equally so. As we read that case, it holds that said fact is good evidence, and may go to the jury, but that it is for the

jury to draw the inference of good character from said fact, and not for the witness, and that therefore, while the witness may be allowed to testify to said fact, he cannot be allowed to go further, and say what his own inference from it is; that he is not in a position to testify affirmatively to the character of the accused unless he has heard it discussed. His being then allowed to testify to what he has thus heard is an exception to the rule of hearsay.

For a very satisfactory treatment of this matter of the qualification of a witness to testify to reputation, see the decision of the Court of Appeals of New York in People v. Van Gaasbeck, 189 N. Y. 408, 82 N. E. 718, 22 L. R. A. (N. S.) 650, 12 Ann. Cas. 745. See, also, the note to that case as reported in 22 L. R. A. (N. S.) 650; also Chamberlayne on Ev. § 3312 et seq.; Wigmore, Ev. § 1980 et seq.

The accused in this case were not denied the right which they had to show that their reputations had never been discussed in the community in which they lived.

[2] Certain remarks made by the assistant prosecuting attorney in his closing address to the jury were objected to. The trial judge states in his per curiam that the remarks were not taken down at the time, and that he himself has no distinct recollection of what they were. The version of the counsel who prepared the bill of exception is that the assistant prosecuting attorney said, in substance, that:

"All the community or neighborhood in which the defendants resided have made up their minds or were of the opinion that the defendants in this case were guilty of assassination."

The version of the assistant prosecuting attorney is as follows:

"Judge Tullis, counsel for the defendants, had attempted to discredit the state's witnesses on account of their activity in getting evidence for the state, and said one of them, R. W. Elliott, was the 'Sherlock Holmes' of the case. The theory of the state, based on the testimony in the case, was that defendants had assassinated

the deceased; and in reply to the attack of the counsel for the defense on the testimony of the state's witnesses I remarked that, suppose the people of that community believed that an assassination had been committed, then they not only had the right, but it was their duty, to make every investigation possible to bring the guilty parties to justice."

According to the latter version, the remark was merely argumentative, and did not amount to the introduction of additional evidence through the channel of the argument; and the bill of exception does not enable this court to say which version is correct.

The accused had an opportunity to make this matter clear by applying for a new trial and offering evidence, and did not avail themselves of it. In the condition of the record, this court is unable to say that the accused have suffered injury.

Judgment affirmed.

See dissenting opinion of O'NIELL, J., 70 South. 328.