ROGERS, J.
 

 The defendant appeals from conviction and sentence for the crime of carnal knowledge. Subsequent" to the commission of the offense he married the girl whom he is charged with having violated.
 

 There are three bills of exception in the reco.rd, involving the question of whether or not' the subsequent marriage of the parties acted as a bar to the prosecution oí appellant on the crime charged, and whether or not the district judge'correctly admitted, on behalf of the state, the testimony of the prosecutrix, over the objection of'the defendant that, being his wife, she was incompetent to testify against him.
 

 The gravamen of the offense under the statute (Act 192 of 1912) is the act of carnally knowing, with her consent, an unmarried female between the ages of 12 and 18 years. The crime is complete as soon as the sexual act is committed. There is no provision in the statute permitting the subsequent intermarriage of the parties to serve as a bar to the prosecution. Criminal prosecutions are instituted by the state for the protection of the public and to punish the violation of the law. The person injured by a crime cannot prevent a prosecution by subsequently condoning the offense.
 

 In State v. Newcomer, 59 Kan. 668, 54 P. 685, which was a case of statutory rape, the court used the following language, which we find equally applicable in the present ease, viz.:
 

 “In behalf of the defendant it is argued that the evil consequences of the unlawful act have been averted by the marriage; that when the parties to the act voluntarily, and in good faith, entered into the marriage relation, the offense was condoned, and that the welfare of the parties and their offspring requires and the interests of the public will be best subserved by the. ending of the prosecution. The difficulty with this contention is that the law does not provide that the offense may be expiated by marriage or condoned by the injured female. Her consent to the sexual act constitutes no defense, and neither her forgiveness nor anything which either or both will do will take away the criminal quality of the act or relieve the defendant from the consequences of the same.”
 

 It is our conclusion that bis subsequent marriage to the injured female is no defense to one charged with the crime of carnal knowledge, however such partial reparation may be taken into consideration by the court in affixing the punishment.
 

 We do not find that the trial judge erred in permitting the wife of the defendant to testify against him. The rules of evidence governing criminal prosecutions in this state are those of the common law of England, save as otherwise provided by statute. At common law, when the husband or wife was the defendant in a criminal prosecution, the other was incompetent for or against the one accused, except in cases of personal violence endangering the bodily safety or liberty of the witness. This is the general principle laid down by all text-writers on the subject, and it was especially affirmed by our statute (Act 29 of 1886) declaring that a competent witness in all criminal matters shall be a person of proper understanding, provided that the husband cannot be a witness for or against his wife, nor the wife for or against the husband, except in such eases as are provided by law. This statute was amended and re-enacted by Act 41 of 1904 so as to permit either spouse to testify where the other was
 
 *903
 
 on trial for the crime of bigamy. Such was the rule of evidence prevailing in criminal trials in our state until the year 1916. In that year it was abrogated when the Legislature adopted an act (No.
 
 157,
 
 p. 379) permitting, but not compelling, one spouse to become a witness either for or against the other in any iiroceeding, civil or criminal, in court, or before a person having authority to receive evidence. In the case before us the wife of the defendant elected to take the stand as a witness on behalf of the state, and, under the statute, she had the right to do so.
 

 For the reasons assigned, the verdict and sentence appealed from are affirmed.