**(136 So. 76)**
**STATE v. TODD.**
**No. 31211.**

May 25, 1931.

Rehearing Denied June 22, 1931.

Lindsay W. McDougall, of Covington, J. Vol Brock, of Franklinton, and Robert B. Todd, of New Orleans, for appellant.

Percy Saint, Atty. Gen., C. Sidney Frederick, Dist. Atty., of Covington, and E. R. Schowalter, Asst. Atty. Gen., for the State.

OVERTON, J.

Defendant was convicted of manslaughter upon an indictment charging him with murdering Harry Hoare, who, it seems, was his father-in-law. From a sentence of not less than ten nor more than sixteen years in the penitentiary, he prosecutes this appeal.

The first bill of exception, which relates to the competency of a witness to testify, has been abandoned. The second bill of exception relates to the exclusion of evidence, offered by defendant to show that the deceased made improper proposals to defendant's wife, which were communicated to defendant by his wife on the evening of the homicide, the communication of which caused ill feeling on the part of the deceased towards the accused. The only reason, so far as appears, for which the evidence of improper proposals could have been relevant, was to reduce the homicide from murder to manslaughter, but, as the trial resulted in a verdict of manslaughter, defendant was not injured by the exclusion of the evidence of improper proposals and their communication, assuming its admissibility. However, the bill of exception vaguely recites that these proposals and communications were the cause of the attack by the deceased on defendant.

It may be said that, in the note of evidence forming the basis of the exception, nothing is said of an attack by the deceased on the accused. The court, however, in its per curiam, mentions unsatisfactory and unconvincing evidence, given by the accused alone, of an attack by the deceased upon him at the time of the homicide, but what occurred, if anything, between the communication and the alleged attack of the deceased on the accused, or what relation, if any, the communication bore to the attack, does not appear. In short, the bill is far too vague to justify an interference with the ruling of the trial court, excluding the evidence, upon the ground of irrelevancy, as relates to the asserted attack of the deceased on the accused. The burden rests upon the accused, in preparing his bills, to prepare them so as to enable the appellate court to rule with reasonable certainty, for the ruling of the trial court is presumed to be correct until the contrary appears.

The third bill was reserved to the overruling of an objection to a part of the argument made by the district attorney to the jury. The part of the argument objected to was as follows: "Why didn't the defense call the wife of the defendant as a witness to testify for her husband which it could have done?" The ground of objection to the argument, which was overruled, was that a remark concerning the failure of the wife to testify for her husband was improper. The exception, taken to this ruling of the court, may be considered together with the fifth bill of exception, taken to the refusal of the judge to give the following special charge: "The court charges the jury that a wife has a right, under the law, to testify for or against her husband, but cannot be forced to do so, and in case she does not testify, her failure to testify, shall not be construed against her husband."

The law governing the competency of witnesses in criminal cases is found in article 461 of the Code of Criminal Procedure, and reads as follows:

"The competent witness in any criminal proceeding, in court or before a person having authority to receive evidence, shall be a person of proper understanding, but; First. Private conversations between husband and wife shall be privileged. Second. Neither husband nor wife shall be compelled to be a witness on any trial upon an indictment, complaint or other criminal proceeding, against the other. Third. In the trial of all indictments, complaints and other proceedings against persons charged with the commission of crimes or offenses, a person so charged shall, at his own request, but not otherwise, be deemed a competent witness."

This article of the Code is a reproduction of Act No. 157 of 1916, so far as relates to the competency of witnesses in criminal cases. This court has not had occasion, until the present, to pass directly or authoritatively on the right of the husband or the wife to compel the other to take the witness stand in his or her behalf, under either the act of 1916 or article 461 of the Code. What is said of the right, under the act of 1916, in State v. Dejean, 159 La. 900, 106 So. 374, is obviously obiter dicta, and hence cannot be regarded as precedent.

At common law neither spouse was a competent witness for or against the other, except in cases of personal violence endangering the bodily safety or liberty of the witness. This general principle was affirmed by Act No. 29 of 1886, declaring that a competent witness in all criminal cases shall be a person of proper understanding, provided that the husband cannot be a witness for or against the wife, nor the wife for or against the husband, except in such cases as are provided by law. The rule, so laid down, was amended by Act No. 41 of 1904, so as to permit either spouse to testify in cases where the other is on trial for bigamy. Such was the law until Act No. 157 of 1916 was passed, which, as said, has been incorporated, as relates to criminal cases, in article 461 of the Code of Criminal Procedure. State v. Dejean, supra.

It will be observed that article 461 of the Code of Criminal Procedure makes all persons of proper understanding competent witnesses in criminal matters. To this general rule, however, the article provides certain exceptions or safeguards. The second exception or safeguard is the one with which we are particularly concerned, for, if the husband may compel the wife to take the witness stand in his behalf, but fails to do so, then the argument made to the jury by the district attorney was not objectionable, and the refusal of the court to give the special charge requested was correct. This exception or safeguard reads as follows: "Neither husband nor wife shall be compelled to be a witness on any trial upon an indictment, complaint or other criminal proceeding, against the other."

The question as to the right of either spouse to compel the other to testify in his or her behalf resolves itself into this: Does the closing phrase of the quoted provision, reading, "against the other," relate to the word "witness," in that provision, so as to make the provision, as it were, read, "shall be compelled to be a witness against the other," or does that phrase relate to the words, "upon an indictment, complaint or other criminal proceeding," so as to make the provision read, "upon an indictment, com-

plaint or other criminal proceeding against the other"?

In our opinion, the phrase relates to the word "witness," so as to make the provision mean that neither spouse shall be compelled to be a witness against the other, or, in other words, shall be compelled to take the stand at the instance of the state. The effect of referring the phrase to the word "witness" is therefore to prohibit the state from placing the spouse not on trial on the stand, without his or her consent. However, the effect of so referring the phrase is not to prohibit the spouse on trial from calling the other spouse to the stand as his or her witness, whether such spouse desires to take the stand or not. As the spouse not on trial does not come within the exception, when the phrase is so referred, his or her obligation to testify, when called by the spouse on trial, arises from the general rule, stated in the first part of the article, that a competent witness in a criminal case is a person of proper understanding. The reading of the exception, in a natural way, supports the view that the phrase "against the other" relates to the word "witness," and the logic of the exception supports that view. There is no sufficient reason why, if a spouse not on trial is to be permitted to be a witness at all, such spouse should not be compelled to testify at the instance of the spouse on trial, as his or her witness, but there is ample reason, out of regard for the matrimonial relation, why such spouse should not be compelled to testify at the instance of the state.

The wife, in this case, witnessed the homicide. Defendant had the right to place her on the stand, whether she was willing to take the stand or not. The state did not have that right. Therefore the district attorney had the right to comment upon defendant's failure to put his wife on the stand, as much so as he would have had the right to comment upon the failure of any other accused on trial to put his father, mother, brother, or sister on the stand. State v. Johnson, 151 La. 626, 92 So. 139; State v. Thomas, 127 La. 576, 53 So. 868, 37 L. R. A. (N. S.) 172, Ann. Cas. 1912A, 1059; Code Cr. Proc. art. 382. Hence the argument of the district attorney was not objectionable, and the refusal of the judge to give the special charge requested was correct.

The fourth bill of exception was taken to the refusal of the judge to give the following special charge: "The court charges the jury that when a witness is offered to prove the good reputation of the accused, the fact that the witness has heard no discussion of the accused's reputation should be construed in his favor, when the witness has otherwise qualified as a witness to the character of the accused."

This charge was intended to apply to the evidence of a witness who testified that he had not heard the reputation of the accused discussed, and that he was giving his own personal opinion about him, because defendant had worked for him and had always conducted himself properly. Two other character witnesses were called, and, as we appreciate it from the per curiam of the trial judge, were qualified, and testified as to the reputation of the accused, but their evidence does not properly enter into the consideration of this bill.

The trial judge instructed the jury in his general charge as to the law pertinent to character as contained in articles 479 and 480 of the Code of Criminal Procedure, but refused to give the special charge requested, which, it may be said, was not covered by the general charge.

There can be no serious question that good character may be established by witnesses, who have known the accused for some time, who' are shown to be in such position as to justify the inference that, had his character been discussed in the community, they would have known of the discussions and the estimate placed on him by the community, and yet who have never heard anything about his character. Such evidence may be sufficient to give rise to the inference, to be drawn by the jury, that his character is favorably regarded in the community in which he lives, and hence that there was no reason to discuss it. State v. Ciaccio, 163 La. 563, 112 So. 486; State v. Warren, 138 La. 361, 70 So. 326; People v. Van Gaasbeck, 189 N. Y. 408, 82 N. E. 718, 22 L. R. A. (N. S.) 650, 12 Ann. Cas. 745. In a proper case the accused is entitled to an appropriate instruction, covering this principle, with limitations as to the particular trait of character relevant. However, in the case at bar, the special charge is too broadly and loosely worded to have made it proper to give it. It is misleading and inaccurate. The only phase of the character of the accused relevant to the charge was his character for peace and quiet, yet the charge contains no clause limiting the inference which might be drawn by the jury to that trait of character. Besides, the charge does not contain any instruction that, in order for the jury to draw the inference, it should appear that the position of the witness was such that, if the character of the accused for peace and quiet had been discussed in the community in which the accused lived, the witness would likely have known of it, and the result. Hence there was no error in the refusal of the judge to give the charge.

The sixth bill relates to the overruling of a motion for a new trial, and presents nothing for review.

The verdict and the sentence are affirmed.

O'NIELL, C. J., dissents, and hands down reasons.

ROGERS, J., dissents for the reasons given by the CHIEF JUSTICE.

O'NIELL, C. J. (dissenting).

I respectfully submit that the court has not the authority to transpose the language of article 461 of the Code of Criminal Procedure so as to give it a meaning different from that which it expresses. The part of the article which I refer to, and which was copied literally from Act No. 157 of 1916, p. 379, is this: "Neither husband nor wife shall be compelled to' be a witness on any trial upon an indictment, complaint or other criminal proceeding, against the other." As the lawmakers wrote the language, and according to the rules of grammatical expression, the words "against the other" have reference to the words "indictment, complaint or other criminal proceeding." In other words, it means an indictment or a complaint or other criminal proceeding against the other spouse. The court is now taking the liberty to transpose the language, thus: "Neither husband nor wife shall be compelled to be a witness against the other on any trial upon an indictment, complaint or other criminal proceeding." The article would be incomplete if the words "against the other" did not refer to the words "indictment, complaint or other criminal proceeding." It is only when the indictment, complaint, or other criminal proceeding is against the other spouse that "neither husband nor wife shall be compelled to be a witness on any trial."

That part of article 461 of the Code of Criminal Procedure was, as I have said, copied literally from the act of 1916. One of the cardinal rules of statutory construction is that, when a statute is re-enacted literally,

or copied literally into a Code or revision of the laws, the re-enactment must be interpreted according to the interpretation which the court of last resort had given to the statute before it was re-enacted; because, if the Legislature was not satisfied with the court's interpretation of the language, the Legislature would have changed it. Only two and a half years before the act of 1916 was re-enacted as article 461 of the Code of Criminal Procedure, this court, in State v. Dejean, 159 La. 902, 106 So. 374, 375, interpreted the language of the act of 1916, thus: "In that year it was abrogated when the Legislature adopted an act (No. 157, p. 379) permitting, but not compelling, one spouse to become a witness either for or against the other," etc.

In the prevailing opinion which will be handed down in the present case it is said: "What is said of the right, under the act of 1916, in State v. Dejean, 159 La. 900, 106 So. 374, is obviously obiter dicta, and hence cannot be regarded as precedent." That might sound very well if the Legislature itself had not accepted the interpretation which this court gave to the language of the act of 1916. It will not do to call judicial interpretations of a statute obiter dicta after the Legislature has adopted them.

But the instance cited in the prevailing opinion to be rendered in this case is not the only one in which this court had interpreted the language of the act of 1916 to mean exactly what it said, before it was copied into article 461 of the Code of Criminal Procedure. In State v. Guillory, 163 La. 100, 111 So. 612, 613, the court said:

"The title of the act is:

" 'To declare who shall be competent witnesses in civil and criminal cases.'

"And in the first section it is enacted * * * that neither husband nor wife shall be compelled to be a witness on any trial upon an indictment, complaint, or other criminal proceeding against the other."

I have punctuated this quotation, from State v. Guillory, exactly as it is punctuated in the text of the opinion; and, as punctuated, there can be no doubt about this court's interpretation of the language; which was adopted literally as article 461 of the Code of Criminal Procedure. The opinion in State v. Guillory was rendered in January, 1927, and the Code of Criminal Procedure was adopted in July, 1928. And the Code was compiled by a commission that gave very careful attention to the decisions of this court on the subject in hand.

If the compilers of the Code of Criminal Procedure, and the members of the Legislature that adopted it, had intended to say, "Neither husband nor wife shall be compelled to be a witness against the other on any trial upon an indictment, complaint or other criminal proceeding," they would have said it in more appropriate phraseology. To charge them with intending that their language should be so transposed is to accuse them of a very uncouth style of expression.

It is said in the prevailing opinion to be rendered in this case:

"There is no sufficient reason why, if a spouse, not on trial, is to be permitted to be a witness at all, such spouse should not be compelled to testify at the instance of the spouse on trial, as his or her witness, but there is ample reason, out of regard for the matrimonial relation, why such spouse should not be compelled to testify at the instance of the state."

The justices who subscribe to that opinion overlook the fact that, according to a fun-

damental law of nature, the only instance in which a husband or wife would be unwilling to testify for the other spouse would be a case in which the spouse not on trial would be a hostile witness. Where, therefore, is the so-called sufficient reason or ample reason why one spouse should be allowed to compel the other—if unwilling—"to be a witness on any trial upon an indictment, complaint, or other criminal proceeding against the other."

In the text of the statute there is a comma after the word "proceeding," but so is there a comma after the word "indictment"; so that the words "complaint or other criminal proceeding" form a parenthetical expression. If the language of the law meant merely that neither spouse could be compelled to be a witness against the other, instead of meaning that neither spouse could be compelled to be a witness on any trial upon an indictment, complaint or other criminal proceeding against the other, there would be a comma after the word "witness," as well as a comma after the word "proceeding," and the parenthetical expression would be, "on any trial upon an indictment, complaint or other proceeding." But, even then, the phraseology would be bad, and the language incomplete, because it would not express the idea that the trials on which neither the husband nor wife can be compelled to be a witness are those "upon an indictment, complaint or other criminal proceeding against the other."

My opinion is that the bills of exception numbered 3 and 5, considered together, are well founded; but that is a matter of little general importance, compared with the court's transposing the language of a statute so as to give it a meaning different from that which it expresses.