McCALEB, Justice.
Appellant and one Solomon Henderson were jointly indicted for the murder of George Askins, alias Buckner. Henderson ■pleaded guilty without capital punishment. Appellant pleaded not guilty, was tried, found guilty without capital punishment and ■sentenced to serve the balance of his life at hard labor in the State Penitentiary. He has appealed, relying on three bills of •exceptions for a reversal of his conviction.
While Officer Márchese of. the New Orleans Police Department was testifying for the prosecution, he was shown a board which had been received in evidence as a state exhibit and was asked by the prosecuting attorney to identify it. Márchese replied that the board, which was lying-at the victim’s head when he arrived at the scene of the killing, had blood and fragments of hair on it and that “ * * * it was obvious that this board was used to beat the victim.” Whereupon, defense counsel objected. The trial judge sustained the objection to the part of the officer’s unsolicited statement, that the board was used to beat the victim, but permitted the testimony, that the witness saw blood on the board, to stand. Defense counsel reserved Bill of Exceptions No. 1 to this ruling.
We find no merit in the bill. The statement of the officer, that the board was stained with blood at the time he reached the scene of the crime, was not opinion testimony as counsel contend. It was the recital of a fact within the knowledge of the witness. If he was mistaken in his identification of the substance as blood, this would affect the weight of his testimony but not its admissibility.
Bill of Exceptions No. 2 was reserved when the trial judge admitted in evidence, over the objection of defense counsel, an oral statement made by appellant to Officer Márchese and Detective Knapp at the scene of the crime “ * * * to the effect that he was present at the scene of the alleged crime, but that he explained that he had nothing to do with the commission of the crime.” The judge states in his per curiam to this bill that, after hearing the evidence, it was his opinion that the State had proved beyond a reasonable doubt that the alleged *120 inculpatory statement that appellant was present at the scene of the crime was made “ * * * freely and voluntarily * *
In contending that the judge erred in his ruling, defense counsel state that the record in the case is not complete in that the testimony of appellant, who (counsel declare) denied that he was advised of the constitutional warnings prescribed in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), stating that no policeman or anyone else advised him of any of his rights and this matter was not even discussed with him. Counsel maintain that in view of the conflicting testimony, “ * * * which is not included in the record * * * the statement in question should not have been admitted in evidence.”
Since the testimony given by appellant out of the presence of the jury at the time the foundation was being laid for the admission of the alleged inculpatory statement is not attached to the formal Bill of Exceptions No. 2, it is not part of the record and cannot be considered by this Court on appeal. Indeed, we find that in the preparation of this bill of exceptions defense counsel made only “.the officer’s testimony and the Court’s ruling * * * ” a part of the bill which was submitted to the trial judge and signed by him. Pursuant to this recital the testimony of Márchese and another officer (Knight), who was also present when the alleged inculpatory statement was made, has been included in the record.
Under Article 844 of the Code of Criminal Procedure it is provided:
“A. The appellate court shall consider only formal bills of exceptions which have been signed by the trial judge in conformity with Article 845. In a case where the death sentence has been imposed, the appellate court, to promote the ends of justice, may consider bills that have not been timely signed by the trial judge.
“B. A formal bill of exceptions shall contain only the evidence necessary to form a basis for the bill, and must show the circumstances and the evidence upon which the ruling was based. * * * ”
It is the settled jurisprudence that evidence which is not made part of and attached to a formal bill of exceptions may not be considered by this Court. State v. Honeycutt, 218 La. 362, 49 So.2d 610 (1950);[1] and State v. Lee, 247 La. 553, 172 So.2d 678 (1965) and the many authorities cited in those pronouncements.
*122 We do not know why defense counsel, in preparing Bill No. 2 and presenting it for the judge’s signature, did not see fit to include as part of the formal hill all of the evidence taken out of the' presence of the jury at the time the State was laying the predicate for the admission of the inculpatory statement in evidence. See Art. 843 C.Cr.P. But, whatever the reason, it could not avail appellant consideration here for it is well settled that a defendant in a criminal case has the burden of preparing his bills so as to enable this Court to say whether the trial judge erred in his rulings. State v. Todd, 173 La. 23, 136 So. 76 (1931); State v. Labat, 226 La. 201, 75 So.2d 333 (1955), affirmed 350 U.S. 91, 76 S.Ct. 158, 100 L.Ed. 83; and State v. Watson, 247 La. 102, 170 So.2d 107 (1964) and the many authorities there cited.
Insofar as the evidence attached to the bill is concerned, the judge had before him the statement of the officer who testified that the warnings prescribed by the Miranda decision were imparted to appellant and also swore that appellant’s alleged inculpatory oral statement was freely and voluntarily given. Under the circumstances, the judge was correct in ruling that appellant’s statement was admissible.[2]
Bill No. 3 was taken when the trial judge Overruled a motion for a new trial. It is alleged in this motion: (1) that the verdict is contrary to the law and the evidence, which presents nothing for review; (2) that the statement made by appellant to Officer Márchese was not free and voluntary, which we have already reviewed; and (3) that the State witness, Solomon Henderson (formerly a co-defendant), should have been required to testify to the truth as his claim of self-incrimination was not legal “since he had already pleaded guilty.”
Defense counsel declare that Henderson was permitted by the trial judge to refuse to answer practically all of the questions propounded by them on the ground that his answers may have tended to incriminate him. From this premise it is said that, since Henderson had already been sentenced to life imprisonment, his answers could not have incriminated him and, therefore, the motion for new trial is meritorious.
The short answer to this proposition is that, if counsel had desired to attack the judge’s ruling on this issue, they should have objected and reserved a bill of exceptions to the judge’s ruling, attaching *124 thereto the questions propounded, the refusals to answer and the adverse ruling. As it stands, this Court has no way of ascertaining what happened below at this stage of the proceeding.
The conviction and sentence are affirmed.
FOUR.NET, C. J., did not participate.

. The ruling in the Honeycutt case, involving a death sentence, has been relaxed by the provisions of Article 844 of the Code of Criminal Procedure to the extent that this Court may, in the interest of justice when a capital verdict has been entered, consider bills even though they have not been timely signed by the trial judge.

. According to the per curiam, the judge states that, after hearing the evidence (which included appellant’s testimony out of the presence of the jury according to the minutes of the proceedings below), the State had proved beyond a reasonable doubt that the alleged inculpatory Statement of appellant was voluntarily given. He also ruled that it was made with due regard “ * * * to so-called Constitutional rights of defendants as annunciated (sic) in U. S. v. Miranda * * *"