BARHAM, Justice
(dissenting).
This court has before it for consideration a perfected bill of exception to which is attached only a part of “ * * * the evidence necessary to form a basis for the bill * * ” and to reflect “ * * * the circumstances and the evidence upon which the ruling was based”. C.Cr.P. Art. 844(B). The trial court ruled that 'the State had adequately established the predicate for the admission of the “alleged inculpatory statement”, and when counsel reserved his bill to this ruling, through inadvertence or otherwise he requested only that “ * * * the testimony of this officer, the Court’s ruling and my obj ection * * * ” be made a part of the bill. Apparently relying upon this, the clerk or reporter has omitted pertinent testimony taken out of the presence of the jury on the admissibility of a purported inculpatory statement by the defendant, more particularly the testimony of the defendant himself.
The minutes of March 12, 1968, which are a part of the record, reflect that Officer Márchese took the stand, and that the State submitted that it had laid its predicate; that the defendant Garner testified, and that the defense rested; that after Officer Knight testified in rebuttal for the State, both sides submitted “the question of admissibility”. The minutes then state: “The Court ruled that the said alleged oral admission and/or confession, if made by defendant was freely and voluntarily made and should go to the jury. To which ruling of the court counsel for defendant reserved a bill of exceptions.”
The majority relies upon State v. Todd, 173 La. 23, 136 So. 76 (1931); State v. Labat, 226 La. 201, 75 So.2d 333 (1954), and State v. Watson, 247 La. 102, 170 So.2d 107 (1964), which were all decided before our present Code of Criminal Procedure was adopted and which I find both distinguishable and inapposite.
In the instant case we know the entire proceedings were recorded because the case was tried in the Criminal District Court for the Parish of Orleans,-where a record is required. Under R.S. 13:1373(B) the reporters of that court are required to:
“(3) * * * prepare, make up, and furnish the transcripts of appeals to the supreme court.
“(6) 'Report the evidence objected to in cases not otherwise required to be reported, *126 whenever an objection shall be made and a bill of exceptions reserved, and to ' transcribe it in case of appeal.
“(7) In all cases of appeal to the supreme court, furnish to the clerk of the criminal district court three certified copies of the testimony taken and of the bills of exception to which the testimony shall have been annexed.” (Emphasis supplied.)
Code of Criminal Procedure Article 844 requires that a formal bill of exception shall contain only the evidence necessary to'form" its basis and the circumstances and the evidence upon which the ruling is‘based. Article 843 provides for the transcription of the objection and the facts or evidence which is the basis for the objection. Our .early jurisprudence, which reflects strict and limited review under bills of exception, was developed when trial courts had inadequate and in many cases what are now considered antiquated means of reporting and transcribing trial proceedings. Our Code articles indicate an intent of the Legislature to expand appellate review, and the comments of the redactors in regard to bills of exception indicate their cognizance of the need, perhaps the constitutional requirements, for the reporting and transcription of criminal proceedings.
The majority on the basis of the testimony of one officer, and in the face of a clear statement in the official minutes that there was other testimony which concerned this particular objection, has held that the trial judge was correct in his ruling and thus has found no merit in Bill of Exception No. 2. If the defendant’s testimony were all that was before us and the officers’’ testimony had been omitted, would we rule that the judge was incorrect under the only evidence attached to the bill? When our record clearly reflects an omission of testimony needed to complete an attachment to the bill of exception, we should refuse to review the bill at all or we should have the bill corrected. Only these rulings, .can protect the defense and the State from planned or inadvertent submission of incomplete evidence as a basis for a bilí of exception.
We have before us a perfected bill of exception consisting of the statement prepared by counsel and the per curiam of the trial judge, and we have some of the evidence which should have been attached to. the bill to “ * * * show the circumstances and the evidence upon which the ruling was based”.* Since appeals are favored and adequate appellate review of this bill of exception can be made only upon a con *128 sideration of all of the evidence forming the basis for the bill, it would do justice and comply with the intendment of the codal and statutory provisions to request that the omission be cured. Article 2 of the Code of Criminal Procedure states: “The provisions of this Code are intended to provide for the just determination of criminal proceedings. They shall he construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable delay”. (Emphasis supplied.)
I would neither rule upon the incomplete record before us as has the majority, nor would I refuse to review the bill, for I am of the opinion that the law and a just determination of this case require that the omission be cured.
I respectfully dissent.

 The per curiam of the trial court states that nothing is attached to the formal hill, and.-that there is nothing for review. The trial court has preempted the function of this court and failed to discharge its duty to provide for us the facts and circumstances which support his ruling. ' The per curiam has ■ fáiled . to supply the evidence or even mention the testimony which is omitted.