the trial of the case, that defendant was guilty of the offense charged, and we are unable to grant him any relief under this bill.

[6] Bill No. 3. This bill was taken to the overruling of a motion for a new trial upon the allegation that the conviction was contrary to the law and the evidence. The bill presents nothing for our review.

For the reasons assigned, the conviction and sentence appealed from are affirmed.

---

(108 So. 663)

No. 27851.

STATE v. REEVES.

(May 3, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Indictment and information** ⬥⇒40.

Information charging sale of intoxicating liquor for beverage purposes may be filed without leave of court.

2. **Criminal law** ⬥⇒1120(6)—Sustaining objection to question to state's witness as to whether, from his testimony in former cases, any defendant was convicted of selling him liquor on day of sale to him by defendant, held not error, in absence of recitals in bill as to object of evidence sought, or showing of injury by its exclusion.

Sustaining objection to question to state's witness as to whether, from his testimony in cases theretofore tried, any defendant was convicted of selling liquor to him on day he testified to having purchased liquor from defendant, *held* not error, in absence of recitals in bill of exceptions as to purpose or object of evidence sought, or any showing of injury to defendant by exclusion of such evidence, which was wholly irrelevant on its face.

3. **Criminal law** ⬥⇒1114(1).

Party seeking reversal of court's ruling must present intelligible statement of matter complained of to appellate court.

4. **Criminal law** ⬥⇒1128(2) — Brief stating purpose of question cannot be considered as disclosing facts and circumstances relied on.

Brief setting forth counsel's purpose in asking question, objection to which was sus-tained, cannot be considered by Supreme Court as disclosing facts and circumstances relied on.

5. **Criminal law** ⬥⇒1160.

Bill of exceptions to overruling of motion for new trial on sole ground that conviction was contrary to law and evidence presents nothing for review.

Appeal from Third Judicial District Court, Parish of Union; S. D. Pearce, Judge.

Horace Reeves was convicted of selling intoxicating liquor for beverage purposes, and he appeals. Affirmed.

S. L. Digby, of Farmersville, and W. L. Bagwell, of Oak Grove, for appellant.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., and Wm. J. Hammon, Dist. Atty., of Jonesboro (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

ROGERS, J. Defendant was charged, by bill of information, with selling intoxicating liquor for beverage purposes. He was tried, found guilty, and duly sentenced. Three bills of exception are presented in support of his appeal.

[1] Bill No. 1. Defendant moved to dismiss the information on the ground that it was filed without leave of court. His motion was denied, and he reserved a bill to the ruling. Defendant's contention is untenable. State v. Roye, ante, p. 331, 108 So. 661, this day decided.

[2] Bill No. 2. H. R. Prudhomme, a state witness, testified on cross-examination that he was a witness for the state in some cases tried in the parish of West Carroll in the previous December, and that he had purchased liquor from the defendant on the 3d day of September. He was then asked the following question, viz.:

"Q. Mr. Prudhomme, from the testimony you gave in those cases or that was received in court, was there any defendant convicted of selling you liquor on this same date?"

The state objected to the question on the ground that it was irrelevant and immaterial.

The objection was sustained, and defendant reserved this bill.

[3, 4] There is nothing in the recitals of the bill to show the purpose or object of the evidence sought to be elicited. No reasons are given and no circumstances are set forth to show how the accused could have been injured by the exclusion of the evidence. From aught that appears in the bill, the question appears to have been wholly irrelevant, and its application is left entirely to conjecture. It is the legal duty of a party seeking the reversal of a ruling of an inferior court to present to the appellate court an intelligible statement of the matter embraced within his complaint. Counsel, in their brief, set forth their purpose in asking the question, but we cannot consider this as disclosing the facts and circumstances relied upon. Non constat, if they had made the same disclosure to the trial judge, he would have admitted the testimony which was excluded, and there would have been no necessity for the bill.

[5] Bill No. 3. This bill was reserved to the action of the trial judge in overruling a motion for a new trial on the sole ground that defendant's conviction was contrary to the law and the evidence. There is therefore nothing for us to review.

For the reasons assigned, the conviction and sentence appealed from are affirmed.