OVERTON, J.
 

 Defendant was charged by bill of information with having in his possession whisky for sale for beverage purposes. The bill also charged that this was the fourth offense of like nature committed by him. The court found defendant guilty as charged, and sentenced him to pay a fine of $750, and to be confined in the parish jail for 90 days, and in default of payment of the fine to be confined in jail for 9 months.
 

 It appears that defendant occupied a room and had a workship in a large building in Baton Rouge, the room and the workshop being connected. The room occupied by defendant was in the center of the building. On the west side of the building there were four rooms, one occupied as a restaurant, one as a meat market, one as a barber shop, and one as a store, having upon it a sign reading, “Bottles for sale.” A deputy sheriff and a companion were in that section of the city in which the building, above described, was located, making a search for slot machines. They detected, so the deputy testifies, the fumes of whisky about the building, and concluded to go into it, not only for the purpose of searching for slot machines, but for the purpose of looking for violations of the Prohibition Law. They entered the room occupied by defendant, and found defendant there, sitting at a table with a man named Sipes. A bottle of whisky was on the table, and defendant and Sipes were about to take a drink. Defendant told the deputy that Sipes had gotten the whisky, and Sipes did not deny the statement. The deputy testified that defendant requested him “to forget” the incident. The deputy, however, did not do so, but made a search of the premises. The deputy found a number of empty whisky cartons in one of the rooms in the building; a large number of caps in the back yard, behind the store; an empty half-pint bottle in a truck, found in a shed, connected with the building; about 15,000 bottles, suitable for bottling whisky, in the same shed; and about 150 tin cans, made to hold a gallon, in one of the rooms, the room in which they were found being the second room from the one in which defendant was found.
 

 Defendant was arrested, and upon his trial, the state undertook to show what the deputy had found in the search made by him, and also offered in evidence the half-pint bottle, and one of the gallon cans, found. Defendant objected to all of this evidence as it was offered, substantially, in each instance, upon the ground that the state had not shown that defendant had dominion over the particular places where the various things', mentioned above, were found, nor that he was in any manner connected with the things found, and that, until one or the other was shown, the evidence was not admissible. These objections are shown by bills numbered 3 to 11, inclusive. They were all overruled by the trial judge.
 

 The judge, in a single per curiam, intending to cover all these bills, as well as the two remaining bills, says:
 

 “The testimony convinced the court beyond a reasonable doubt of the guilt of the accused and showed that the officers found him in possession of a pint bottle of whisky capped with a screw cap or top and the court was convinced that the whisky belonged to the accused and that he had the same for sale for beverage purposes. In addition to this bottle of whisky there was a vast amount of bootlegging paraphernalia consisting of several thousand bottle caps (caps identical with the cap on the bottle of whisky found in the possession of the accused and which fitted the
 
 *1013
 
 bottle); a large quantity of pasteboard containers or cartons which were marked ‘Canton Bottled in Bond by the Baltimore Distillery Company of Baltimore, Md. copyrighted in 1925’ and the pint bottles fitted into these containers. There was also found a large number of alcohol cans. All of this paraphernalia was testified to as haying been found in rooms and the rear yard connected with the room where accused was arrested, and that he was in control of the premises where the paraphernalia was found. * * *
 

 “I will further state that all of the testimony heard in this case was not reduced to writing, and, therefore, it is not a part of this record. The testimony attached to these bills was taken down at the suggestion of counsel for the accused and bills numbers one to three, inclusive, contain only excerpts of the testimony.”
 

 Were we to determine the merits of these bills exclusively from the evidence, reduced to writing and sent to this court, we should not be prepared to hold that the evidence connects defendant with the possession of the various things found in and about the building, or shows that he had dominion over the particular places where they were found. The record, however, shows that all the evidence adduced on the trial was not reduced to writing, and therefore is not before us. Moreover, the trial judge says, in his per curiam, as much, and also says that the evidence showed that defendant was in control of the premises where the paraphernalia was found. In view of the fact that all of the evidence is not before us, we are not prepared to say that the trial judge erred in his statement, and in the rulings made by him. The burden was on defendant to prepare his bills so as to enable this court to say whether the trial judge erred in his findings or in his rulings. Marr’s Grim. Juris. (2d Ed.) p. 1130, § 731. We therefore are constrained to hold that these bills do not disclose error.
 

 We are also unable to sustain the two remaining bills. As to one of them, bill No. 2, the answer of the witness to the question objected to removes all possible grounds of complaint. As to bill No. 1, it was taken to the overruling of a motion for a new trial. The bill presents nothing that we have jurisdiction to review.
 

 Eor these reasons, the conviction and the sentence appealed from are affirmed.