170 So.2d 107

**STATE of Louisiana**

v.

**Roosevelt WATSON.**

No. 47299.

Dec. 14, 1964.

J. Peyton Parker, Jr., Baton Rouge, for appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Walter R. Krousel, Ralph L. Roy, Asst. Dist. Atty., for appellee.

HAMITER, Justice.

The defendant, Roosevelt Watson, is appealing from a conviction and a sentence to life imprisonment for the crime of aggravated rape, and he presents for our consideration twelve perfected bills of exceptions, any one of which (if meritorious) would entitle him at the most to a new trial inasmuch as each addresses itself to an issue that arose during the course of the trial.

But the accused failed to move for a new trial in the district court. And when this appeal was taken, as well as when the transcript was lodged here (May 22, 1964), the timely making of such a motion was a prerequisite in view of LRS 15:559 which then stated: "No new trial can be granted on appeal unless a motion for same has been made and refused in the lower court * * *." See State v. Richardson, 220 La. 338, 56 So.2d 568, State v. Ramsey, 242 La. 1089, 141 So.2d 375, and State v. Schellinger, 243 La. 231, 142 So.2d 406.

When the appeal came on for a hearing the state relied on LRS 15:559 and the above cited cases to support its argument

that we could not give consideration to the perfected bills. Defense counsel, on the other hand, urged that "in the interest of justice" we should consider them, despite the quoted statutory provision and the mentioned holdings, he relying on two earlier decisions which had been superceded by the later cases.

Following oral argument and submission of the case, however, our research revealed that, while this appeal was pending, LRS 15:559 was repealed in its entirety by Act No. 516 of 1964—a statute that had not been discussed or even mentioned previously by either the state's attorney or defense counsel. Thereupon, counsel for both parties were instructed to file supplemental briefs on the issue respecting the effect of the repealing statute on this cause. However, such documents, which were submitted as directed, have furnished little assistance to us.

█ It appears to be well settled in civil matters that the general rule that a repealing statute is intended to have only prospective application (unless the contrary clearly appears therein) does not ordinarily apply to a law which is purely procedural; that the latter kind, unless vested rights are affected (or the repealing act provides otherwise), is to be given a retroactive effect.

█ But we find no jurisprudence in this state relative to the effect of such a statute

insofar as procedural matters in criminal cases are concerned. Therefore, we shall pretermit a determination of the effect of Act No. 516 of 1964 on the instant case and shall proceed to review the above mentioned bills on the assumption that they are regularly and legally before us.

Bill of exceptions No. 1 was taken to the overruling of a defense objection to a remark of the district attorney in his opening statement that he would prove that immediately prior to breaking into and entering the house in which the victim and her sister were sleeping (where the alleged rape occurred) the defendant had broken into and entered another house in the same vicinity.

■ This bill (No. 1) was not briefed or orally argued by defense counsel. Nevertheless, we have examined it and have found no error in the court's overruling the objection. The basis for the complaint appears to have been that it was improper for the state to show the commission of a crime other than the one with which the accused was charged. But it has often been stated by this court that " * * * proof of a different crime from the one charged is admissible when both offenses are closely linked and constitute a part of the res gestae, or when it is pertinent and necessary to show motive or intent * * *." State v. Guillory, 201 La. 52, 9 So.2d 450. See also State v. Jugger et al., 217 La. 687, 47

So.2d 46, State v. Palmer, 227 La. 691, 80 So.2d 374, and State v. Bailey, 233 La. 40, 96 So.2d 34.

■ Bills Nos. 2 through 6 were reserved to the overruling of defense objections to testimony of certain police officers which consisted of statements made to them, on their arrival at the victim's home shortly after their having been called, by persons on the scene who allegedly had witnessed the occurrence of the crime charged. As shown by the bills, the basis for the objections was that such evidence constituted hearsay. However, they also expressly show that the statements were given in the presence of the defendant. Consequently, particularly since it does not appear from such bills (and it is not even contended) that the accused was then in legal custody, such testimony of the police officers fell within an exception to the hearsay rule and was admissible. See State v. Sharbino et al., 194 La. 709, 194 So. 756, State v. Dooley, 208 La. 203, 23 So.2d 46, and State v. Ricks, 242 La. 823, 138 So.2d 589.

■ During the course of the trial, while one of the arresting officers was on the stand under cross examination, defense counsel moved for a mistrial on the ground that previously introduced admissions of the defendant had been illegally obtained. On the refusal of the motion, bill No. 7 was reserved. This bill is not briefed, nor was it orally argued. We assume that it has

been abandoned. Nevertheless, we have examined the bill and find that it alleges no facts or circumstances from which we can determine whether any of such admissions (they are not referred to specifically in the bills) were improperly obtained. Neither does the bill show that they were objected to when offered. We cannot say, therefore, that the trial judge erred in denying the mistrial.

■ Bills Nos. 8 through 12 were taken when the court sustained the state's objections to questions propounded to certain defense witnesses on direct examination. These bills do not conform with the requirements of LRS 15:499 and 500 in that they set forth no facts or circumstances surrounding the making of the objections and the court's rulings thereon. Each bill merely states the particular question to which objection was urged, and only one gives the reason for the objection. Moreover, none shows how the defendant was prejudiced by the court's refusing to permit the question to be answered.

These bills, as presented to us, are vague and indefinite. Certainly they do not sufficiently inform this court of facts and circumstances needed to determine whether the rulings of the trial judge were or were not correct. For instance, one contains simply the statements that the defense witness was asked the single question "How do you mean bad"; that it was objected to; and

that the objection was sustained. Another recites that a witness was merely asked "By going with other boys do you mean having sexual intercourse with them?"

Besides, the trial judge, contrary to the provisions of LRS 15:504, has failed to append per curiams to these or to the other bills in the record. And he has not shown why they were not furnished to us.

■ The burden is on the defendant to prepare his bills so as to enable this court to say whether the trial judge erred in his rulings. Each " * * * must state the grounds of objection or point out specifically the errors complained of in order that an opportunity may be given the trial judge to correct them, and that, if it is not sufficiently specific, it will not avail the party raising it." State v. Labat, 226 La. 201, 75 So.2d 333.

It is true that defense counsel, in his brief, states that the purpose of the questions was to show the reputation of the victim for chastity, the defendant having previously offered some evidence of consent. However, we cannot consider such statement in the absence of the bills' reciting all of the pertinent facts tending to show prejudice, even though the questions (out of context) might appear proper. See State v. Allemand et al., 153 La. 742, 96 So. 552, State v. Richey et al., 160 La. 667, 107 So. 484, State v. Reeves, 161 La. 335, 108 So. 663, State v. Russell, 167 La. 1010, 120

So. 629, State v. Antoine, 189 La. 619, 180 So. 465, State v. Gaines et al., 223 La. 711, 66 So.2d 618, State v. Labat, supra.

■ In oral argument defense counsel suggested that we have only to look into the entire transcript of testimony, taken during the course of the trial and filed here, to comprehend the nature of the bills, the errors, and the prejudicial effect of the court's rulings. However, such transcript was not incorporated in and made a part of any bill of exceptions. Such a situation was presented in State v. Gaines, supra, and therein we stated: "* * * for us to consider the testimony, although in the transcript, it must be presented in a bill of exception perfected in the manner prescribed by our Code of Criminal Procedure and the jurisprudence of this court.

"* * *

■ "* * * it is well settled in the jurisprudence of this court that in a criminal case, even though the testimony may be taken, transcribed, and placed in the transcript, it cannot be considered by us and has no proper place in the record unless it is annexed to, and made a part of, a bill of exception timely perfected. * * *"

Therefore, our conclusion must be and is that bills of exceptions Nos. 8 through 12 are without merit.

For the reasons assigned the conviction and sentence are affirmed.

McCALEB, J., concurs with written reasons.

SANDERS, J., concurs in the result.

McCALEB, J. (concurring).

I subscribe to the ruling on Bills Nos. 1 and 7 and concur in the result as to Bills Nos. 2 through 6 and Bills Nos. 8 through 12.

I am not in accord with the reason given by the Court for its ruling with respect to Bills Nos. 2 through 6, since the State has admitted in its brief that the accused was under arrest at the time the statements were made in his presence by certain persons to the police officers, who were allowed to repeat their statements to the jury, over objection. Nonetheless, although the trial judge has not favored us with per curiams for his rulings, I think the objections to the testimony of the police officers were properly overruled as the statements of these persons, having been given within two or three hours of the commission of the offense, formed part of the res gestae.

In any event, no reversible error was committed and the substantial rights of the accused were not prejudiced inasmuch as the parties making the statements were called as State witnesses and gave substantially the same statements which the officers were permitted to repeat before the jury. See R.S. 15:557.

As to Bills Nos. 8 through 12, I think the objections of the State were correctly sustained (although here, again, the judge has given no reason for his rulings) on the ground that defense counsel was attempting to prove lack of chastity of the victim in a rape case, which is immaterial, except where consent is pleaded as a defense. State v. Borde, 209 La. 905, 25 So.2d 736.