186 So.2d 565

**STATE of Louisiana**

v.

**James L. JOHNSON.**

No. 48005.

May 2, 1966.

Rehearing Denied June 6, 1966.

Himel & Whipple, Keith M. Whipple, Houma, for appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Wilmore J. Broussard, Jr., Dist. Atty., for appellee.

McCALEB, Justice.

Appellant was tried for violating R.S. 14:27, in that he attempted to murder his wife on October 4, 1964, and found guilty of attempted manslaughter. Following imposition of a sentence to serve two years in the State Penitentiary, he took this appeal relying on three bills of exceptions and an alleged error ·patent on the face of the record for a reversal of his conviction.

Bills Nos. 1 and 2 pertain to the same claimed error and will be discussed together.

The first bill was reserved when the court denied defense counsel's objection to a portion of the prosecutor's opening statement in which he asserted that, for the purpose of showing intent, the State would prove that appellant beat his wife on the same date he attempted to murder her at their home. And Bill No. 2 was taken to the overruling of counsel's objection to

evidence introduced by the State that appellant had struck his wife at Ernie's Drive-Inn in the city of Houma about 45 minutes before his alleged attempt to murder her upon their return to their home.

The bases of these objections are that, since the State had specified in answer to a bill of particulars that the crime was committed at the matrimonial domicile, it was error to allow the prosecutor to state that he would prove, and thereafter permit the introduction in evidence of, incidents occurring at another place in the city of Houma prior to the time of the commission of the crime.

The bills are without merit. The incident referred to occurred about 45 minutes before the commission of the offense and was obviously part of a continuous chain of events which culminated in the attempt to kill. It was clearly res gestae (see R.S. 15:447), being an immediate concomitant of the criminal act, as prescribed by R.S. 15:448.

Moreover, were it otherwise, the prosecutor's statement and the proof in support thereof was relevant under R.S. 15:445 to show intent. See State v. Watson, 247 La. 102, 170 So.2d 107 and authorities there cited. Proof of a specific intent is required under R.S. 14:27 of all charges of attempts to commit a crime. The evidence was not offered, as defense counsel contends, to

show that the crime was committed at a place other than the residence named in the bill of particulars; it was properly tendered and submitted as proof of intent.

■ Bill of Exceptions No. 3 was taken to the overruling of the motion for a new trial. The basic complaint therein is that the verdict is contrary to the law and the evidence, which presents nothing for review. It is alleged that the State failed to prove a specific intent to kill and that the circumstantial evidence did not exclude every reasonable hypothesis of innocence. This involves only a question of fact, of which this Court is without appellate jurisdiction.

■ Finally, counsel specifies as error No. 4, which he claims is patent on the face of the record, that the trial judge improperly considered evidence outside of the record in making his decision (presumably on the motion for a new trial). As supporting proof of this alleged error, counsel refers to a "Statement of Facts and Circumstances" which was filed by the district attorney and signed by the judge in compliance with the provisions of R.S. 15:566.1. Contrary to counsel's contention, this document forms no part of the record; it simply relates to the procedure which the law requires to be observed after sentence is imposed on one convicted of crime.

The conviction and sentence are affirmed.