MARCUS, Justice.
Sylvester William Lucien and Gregory Marino were charged jointly in a bill of information with the armed robbery of Frank Matulo in violation of La.R.S. 14:64. A trial by jury resulted in a verdict of guilty as charged. Each defendant was sentenced to serve thirty-five years at hard labor. On appeal, defendants rely upon a single assignment of error for reversal of their convictions and sentences.
FACTS
On October 16, 1972 at about 12:50 p. m., Frank Matulo, manager of the Tenneco food store and gas station located at 7200 Downman Road in the City of New Orleans, was robbed at gunpoint by two black males. They sought to escape in their car, a white Mustang, but because of an apparent breakdown, were forced to abandon the car within the immediate vicinity of the station. The perpetrators were picked up by an accomplice in another car. A cab driver, who was passing at this time, saw these men alight from the parked Mustang and enter and drive off in the other car. The cab driver became suspicious when he noticed that one of these men was carrying a white money bag similar to that used in banks. Because of his suspicions, the cab driver radioed to his dispatcher the license number of the car used by the men to leave the scene. This information, together with a description of the robbers given by the victim and the name and address of the owner of the Mustang, was broadcast over the police radio. About forty-five minutes later, a police officer who had received this information over the radio was cruising in the area of the address of the owner of the Mustang when he was approached by a young lady in the company of two men. She reported that her white Mustang had been stolen and identified herself as Verna Conaler. Her description of the car matched that of the abandoned Mustang. The physical characteristics of the two men fit the description of the persons involved in the armed robbery of the Tenneco station. The two men, Sylvester Lucien and Gregory Marino, were immediately placed under arrest and transported to the scene of the crime where they were identified by the victim. Later at the police station, after being advised of their rights, defendants related to the officers the events of the robbery and furnished information that the gun used, the clothing worn and the money taken during the robbery could be found at the house of Lucien’s sister, Verna Conaler, located at 3715 Pleasure Street, apartment A, in New Orleans. A search warrant issued for a search of these premises. A gun, clothing and money were recovered there.
ASSIGNMENT OF ERROR NO. 1
The sole assignment of error is based upon the admission of confessions and/or inculpatory statements of defendants into evidence without requiring the state to lay a proper foundation. In order to evaluate the merit of this contention, we must consider the facts surrounding their admission in evidence.
The search warrant in this case issued for the search of the premises 3715 Pleasure Street, apartment A, the residence of Lucien’s sister, Verna Conaler, where there was allegedly concealed a sawed-off shotgun, clothing and money. The application for the search warrant, a two-page document, was made by Detective Rhett Mag-non. It contains the following recital of facts on the second page of the instrument:
On 10-16-72 at 12:50 P.M. an armed robbery occurred at 7200 Downman Rd.
The perpitrators [sic] car broke down in front of the gas station as .they attempted to leave. The perpitrators [sic] then got into another car and made good *786 their escape. About an hour later the registered owner of the vehicle left on the scene called tht police to report the car stolen. When the police went to her house they observed that the victim of the car theft brother and his friend fit the description of the perpitrators [sic] of the armed robbery. At this time the officers taking the theft report took the two negro males back to the scene of the armed robbery. At the scene the two subjects were positively identified as the perpetrators of the armed robbery. These two subject were Sylvester Lu-den 3715 Pleasure St. Apt. A and Gregory Marino staying at the same address. After being read their rights and the two subjects signed their rights forms waivering [sic] their rights and gave the officers a verbal account of the armed 'robbery. The two arrested subjects told officers that the sawed off shot gun the clothing and the money were in the residence located at 3715 Pleasnure St. Apt. A.
(Emphasis added.) Additionally, a return indicates that the said search warrant was executed by Detective Emmett Dupas. It contains an inventory of the property seized (gun, clothing and money) and gives a description of said property. The return further states that a copy of the warrant was left with Verna Conaler together with a receipt of the items seized.
Prior to trial, pursuant to article 768 of the Code of Criminal Procedure, the state gave notice of its intention to introduce confessions and/or inculpatory statements of defendants in evidence. At trial, Officer Dupas testified that he was the officer who executed the search warrant and described the gun, clothing and money which he seized. He further stated that he left a copy of the search warrant with Verna Conaler and on the reverse side wrote down the items which he had removed from the apartment. On cross-examination, he was examined as to the items contained in the search warrant. Thereafter, he was asked if he had given a receipt for that which he had taken on the back of the search warrant, to which he replied: “As I recall, I did.” The question that followed was: “Is there anything written on the back of the search warrant?” Dupas replied: “No sir.” The state then offered the gun, clothing and money in evidence without objection. At this point, defense counsel made an offer in evidence of a copy of the search warrant which had been identified by Officer Dupas (D-l). The state objected on the ground that it was not admissible “unless the entire warrant goes with it,” making reference to the application for the search warrant and the return. Defense counsel stated that his purpose in offering D-l was that this was the “copy which had the alleged receipt on the back.” The trial judge ruled that the application for the search warrant, the search warrant and the return must all be introduced “in its entirety.” Counsel for defendant and the state then approached the bench and, out of the hearing of the reporter, argued the matter. Defense counsel" then renewed the offer of D-l (search warrant). It was ruled admissible. The state then offered the other documents, i. e., the application for the search warrant and the return (S-6). Objection was made by defendants that the application contained hearsay evidence. The objection was overruled, and S-6 (application and, return) was received in evidence and exhibited to the jury. Defendants reserved a bill of exceptions (assignment of error).
The state argues in support of the court’s ruling that the application for the search warrant and the return were properly admitted in evidence under the general rule that, where a party introduces in evidence a part of the document to show inconsistencies between the document and the testimony of a witness, the other party, in order to prevent a false impression in the minds of the jurors, may introduce the remaining portion of the document as long as it is relevant and material to the part *787 previously introduced, citing as authority Corpus Juris Secundum:
Evidence otherwise inadmissible is frequently admitted because of the fact that similar evidence has been introduced by the adverse party; and accordingly the introduction by one party of part of a conversation, writing, or transaction may entitle the adverse party to introduce the whole thereof, provided it is relevant and material to the portion previously introduced, and explanatory thereof.
31A C.J.S. Evidence § 190. We do not agree that this rule is applicable here. Defendants make no complaint regarding the introduction of the return in evidence. Therefore, we will address ourselves solely to the introduction in evidence of the application for the search warrant. While an application for a search warrant containing the affidavit upon which the search warrant is used is closely related to the search warrant, we are unable to say that it is a part of the search warrant itself. Not forming part of the same document, the general rule advanced by the state does not support its admission in evidence. Furthermore, we seriously doubt that the recital of facts contained in the application is relevant and material to the purpose for which the search warrant was here introduced. Hence, the trial judge erred in receiving the application for the search warrant in evidence on this ground.
We note at the outset that the objection contained in the transcript is that the application for the search warrant contains hearsay evidence. This objection was correct in that the recital of facts contained in the application is primarily based upon hearsay evidence. Nevertheless, we do not consider the admission of this objectionable hearsay evidence reversible error in view of the fact that the record reflects that all of the admitted hearsay evidence contained in the application had been previously received through competent evidence. See State v. Brown, 288 So.2d 339 (La.1974); State v. Maiden, 258 La. 417, 246 So.2d 810 (1971). Hence, the hearsay evidence was merely cumulative and non-prejudicial. Furthermore, defendants no longer urge this ground on appeal. What defendants argue and what concerns us is the admission in evidence of that portion of the application that contains the confessions and/or inculpatory statements of defendants without requiring the state to lay a proper foundation as to the free and voluntary nature of these statements.[1]
 The state does not contend that any foundation was laid. Unlike our previous dispositions of the admission of objectionable hearsay evidence, no other confessions and/or inculpatory statements ■ of defendants were introduced in evidence during the trial. There can be no serious doubt that admission of confessions and/or inculpatory statements of defendants without foundation over defendants’ objection would constitute reversible error. However, we must initially direct our attention to whether defendants made known to the trial judge the ground for their objection at the time it was made. See La.Code Crim.P. art. 841 (1966).[2] As previously *788 noted, the transcript only reflects that the objection was based on hearsay evidence. A confession is received in evidence as a time-honored exception to the hearsay rule. Therefore, it might be argued that defendants did not properly inform the trial judge as to the basis for their objection, i. e., that no foundation had been laid for the introduction of the confessions. The transcript reflects that at the time the objection was argued, counsel for defendant and the state approached the bench and a discussion followed outside the hearing of the reporter. In the bill of exceptions submitted to and signed by the trial judge, it is stated that the court allowed in evidence over defendants’ objection the search warrant containing “hearsay affidavits by the police and a summation of alleged confessions by the defendants for which confessions no predicate had ever been laid.” Further, the trial judge’s per curiam indicates that defendants’ objection was predicated on the fact that the state’s offer contained an “admission by them that they had committed the robbery and had hidden the gun used therein in the defendant Lucien’s sister’s house.” Also, applications for a new trial filed by defendants allege the trial judge erred in “allowing the State to introduce into evidence the application for the search warrant, when no predicate . had been made.” In view of the foregoing, we are satisfied that defendants stated the proper ground for their objection at the time it was made. Furthermore, the state does not argue to the contrary.
Accordingly, we conclude that the trial judge committed reversible error in receiving in evidence the application for the search warrant which contained the confessions and/or inculpatory statements of defendants without requiring the state to lay a proper foundation over defendants’ objection.
DECREE
For the reasons assigned, the convictions and sentences of defendants are reversed and set aside. The matter is remanded for a new trial.
SUMMERS and BOLIN, JJ., dissent.

. La.B.S. 15:451 (1966) recites:
Before what purposes to be a confession can be introduced in evidence, it must be affirmatively shown that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises.
Article I, Section 11 of the Louisiana Constitution of 1921 (applicable at the time of the trial) provides in part: “ . . . nor shall any confession be used against any person accused of crime unless freely and voluntarily made.”

. La.Code Crim.P. art. 841, as amended by La.Acts 1974, No. 297, § 1 provides in pertinent part:
It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor.