324 So.2d 801 (1975)
STATE of Louisiana
v.
Roy and Ray CALLOWAY.
No. 56739.
Supreme Court of Louisiana.
December 8, 1975.
Dissenting Opinion January 5, 1976.
Rehearing Denied January 16, 1976.
On Rehearing January 19, 1976.
*804 John J. Dolan, New Orleans, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Norval J. Rhodes, Dist. Atty., James L. Alcock, Asst. Dist. Atty., for plaintiff-appellee.
BOLIN, Justice.
Defendants were jointly charged by bill of information with armed robbery, in violation of La.R.S. 14:64. It was alleged Roy and Ray Calloway entered Hattie's Dress Shop together where Roy cashed a check. The owner testified that soon after both men left, a man with a hood covering his face entered her store. The hooded man ordered the owner to get on the floor while he forced a female employee to give him the money in the cash register and the money bag. The bag was in a drawer where the owner had placed the payroll check she allegedly cashed for Roy Calloway. Both women identified Ray Calloway as the man who robbed the store.
Defendants were later stopped at a roadblock and a search of their car revealed a pistol and some money. Moreover, a check stub of the same kind as that cashed at Hattie's Dress Shop shortly before the robbery was found on the person of Roy Calloway.
After trial, both defendants were convicted of armed robbery and sentenced to sixty years' imprisonment. Defendants appeal and we affirm.
BILLS OF EXCEPTIONS RESERVED BY ROY CALLOWAY:
BILLS OF EXCEPTIONS NOS. 1 through 4.
These bills were reserved during the redirect examination of the store owner. The State sought to introduce various articles of clothing worn by defendants when they were apprehended. The objection is chiefly that they were beyond the scope of the opening statement, in violation of La.C.Cr.P. art. 769. This argument lacks merit as the prosecutor said during the opening statement he would introduce "* * * [t]he clothes worn by the defendants on the date of the robbery."
Finding the items of clothing were properly identified and there being no procedural defect in the manner the items were offered into evidence, these bills are not well founded.
BILLS OF EXCEPTIONS NOS. 5 and 6.
These bills were reserved by defendant Roy Calloway to the manner in which the State was permitted to impeach its own witness. The witness, who had gone to school with defendants, had given a statement to police after the robbery indicating he had seen Roy and Ray Calloway together at a fruit stand near the scene at about the time of the robbery. When testifying, however, the witness said he had only seen Roy Calloway at the fruit stand. When the State tried to impeach the witness by use of the prior inconsistent statement, defendant objected.
Outside the presence of the jury, the State proved it had no prior indication the witness would testify contrary to this prior statement. The testimony of the witness would have been damaging to the State in that it would have placed Roy Calloway alone near the scene of the crime close to *805 the time of the robbery and thus it meets the standard of "surprise." A proper foundation was laid and the impeachment was limited to reading the prior inconsistent statement and allowing the witness to explain the discrepancy between it and his trial testimony. La.R.S. 15:487 and 488.
These bills are without merit.
BILL OF EXCEPTIONS NO. 7.
The basis of this bill was alleged hearsay testimony of a State's witness. We find the testimony was not hearsay. Moreover, defendant Roy Calloway admits in brief that no prejudicial error resulted from the answer.
BILL OF EXCEPTIONS NO. 8.
This bill is levelled at the State asking one of its witnesses if she remembered on what date the robbery in question occurred. No basis for this objection is made and in brief counsel admits no prejudicial error.
BILLS OF EXCEPTIONS NOS. 9 and 10.
These bills were reserved when two of the State's witnesses were shown pictures of the black Cadillac in which defendants were riding when arrested, and asked whether the car was the same one identified by them prior to trial as being parked in front of Hattie's about the time of the robbery. The objection to the use of the photograph is that it was impermissibly suggestive in that no other pictures of autos were shown.
The photographs were admissible to confirm the prior out-of-court identification of the car by the witnesses. Both witnesses testified the auto in the photograph resembled the one which they saw near Hattie's Dress Shop and which they had previously identified. No prejudice resulted from this procedure.
These bills have no merit.
BILL OF EXCEPTIONS NO. 11.
The State called a detective who testified about various pieces of evidence recovered in connection with the arrest of the defendants. Certain articles of clothing worn by defendants when they were arrested were marked and introduced in evidence. Investigators apparently also discovered a blue shirt, a hat, and a white glove along the road where defendants allegedly traveled before being apprehended. The owner of the shop testified Ray Calloway was wearing a medium blue shirt when he first entered the shop with Roy Calloway, and that the robber who entered a short while later was wearing a lighter blue shirt. This indicated that, according to the State's theory of the case, Ray Calloway changed shirts or put one shirt on over another.
Four officers testified that a dark blue slipover shirt had been found on the road with the glove and hat, but that none of these objects could be found for introduction at trial. The officers indicated the items had not been marked and carefully guarded because they were not thought to be relevant to the case at the time they were discovered.
Defendant Roy Calloway objected to the introduction of the testimony of the detective. The basis of the objection was that the items of clothing should have been introduced as the best evidence, rather than testimony of officers who saw them. See La.R.S. 15:436.
Four police officers testified to the existence of the articles of clothing and said the evidence had been lost; thus, the State could no longer produce the evidence. Absent any allegation of bad faith or suppression of evidence, the best evidence rule does not exclude the testimony.
The eleventh bill is without merit.
BILL OF EXCEPTIONS NO. 12.
At the close of the State's case, it submitted to the jury all the exhibits which *806 had been admitted into evidence. Six photographs which had been presented to the victim and her employee after the robbery were inadvertently included and were seen by at least one of the jurors. The photos used as a display included a picture of Roy Calloway and of others from whom the two witnesses were asked to choose in order to identify their assailants. When counsel realized the photos had been included with other evidence properly introduced, he moved for a mistrial. The trial court refused to grant a mistrial, but admonished the jury that the photographs were not evidence and they should be entirely disregarded. Whatever possible prejudice could have resulted from the viewing of these photographs by the members of the jury was cured by the trial court's admonition. State v. Boudoin, 257 La. 583, 243 So.2d 265 (1971). La.C.Cr.P. art. 775.
This bill has no merit.
BILL OF EXCEPTIONS NO. 13.
This bill was reserved when the trial judge refused a motion for a directed verdict. If there is some evidence supporting the conviction this Court will not disturb the trial court's refusal to grant a directed verdict. State v. Douglas, 278 So.2d 485 (La.1973). Here, there is ample evidence of defendants' guilt.
This bill has no merit.
BILL OF EXCEPTIONS NO. 14.
During trial, defendant Ray Calloway elected to take the stand in his own defense. He sought to establish an alibi by testifying he and Roy Calloway had been together looking for a job on the day of the robbery. Counsel for Roy Calloway objected and requested the judge charge the jury the testimony could not be used as evidence against his client. In support of his objection, counsel cited La.R.S. 15:474, which provides:
"When several persons are on trial at the same time, under the same indictment, each may be a witness on his own behalf or on behalf of his codefendants."
Apparently, counsel contended this provision prohibits an accused from testifying against his co-defendant. La.R.S. 15:474 merely permits a defendant to testify on his own behalf or on behalf of his codefendant. There is no prohibition against a person charged with a crime taking the stand in his own defense and testifying against his co-defendant.
This bill has no merit.
BILL OF EXCEPTIONS NO. 15.
This bill is apparently levelled at the trial judge's charge to the jury on the type of intent required by the robbery statute.
On considering this bill it should be noted the trial was held before the legislative act in 1974 eliminating the use of bills of exceptions. Thus, to properly reserve objections during trial, defendants must have complied with the former law requiring reservation and perfection of bills of exceptions. At that time the pertinent provisions of the La.Code of Criminal Procedure were:
"Art. 841.
An irregularity or error in the proceedings cannot be availed of after verdict unless it is objected to at the time of its occurrence and a bill of exceptions is reserved to the adverse ruling of the court on such objection. Failure to reserve a bill of exceptions at the time of an adverse ruling of the court operates as a waiver of the objection and as an acquiescence in the irregularity or ruling.

*807 This requirement shall not apply to:
(1) A ground for arrest of judgment under Article 859, or the court's ruling on a motion in arrest of judgment; or
(2) The court's ruling on a motion for a new trial based on the ground of bills of exceptions reserved during the trial."
"Art. 843.
When a bill of exceptions is reserved, the clerk or the court stenographer shall immediately take down the objection, the ruling, and the facts upon which the objection is based. The matters, so taken down, shall be preserved among the records of the trial, shall constitute the bill of exceptions, and shall be a basis for a formal bill of exceptions."
Cases interpreting these articles and their source provisions hold the defendant must state the specific grounds upon which an objection is based at the time it is made as well as in the formal bill of exceptions. This is required to enable the trial court to rule intelligently or to correct an error at the time of the objection and to facilitate this Court's review of the objection on appeal State v. Thornton, 284 So.2d 753 (La.1973); State v. Watson, 247 La. 102, 170 So.2d 107 (1964); State v. Keife, 165 La. 47, 115 So. 363 (1927).
More specifically, several cases have held that an objection by the defendant to a jury charge or to the trial court's refusal to give a requested charge is ineffective unless the basis for the objection is stated by the defendant. See, e.g., State v. Andrus, 250 La. 765, 199 So.2d 867 (1967);State v. Melerine, 236 La. 929, 109 So.2d 471 (1959); State v. Pearson, 224 La. 393, 69 So.2d 512 (1953).
The record in the instant case does not reveal any specification by the defense as to what was erroneous about the charge given by the court. During the course of the judge's explanation to the jury of the elements of the crime of armed robbery, defense counsel interrupted and was given permission to approach the bench. The court reporter then noted in the record that a conference was held at the bench and that what transpired at that time was off the record. Then, the judge resumed his discussion of the elements of the crime charged and particularly of the element of intent required.
The formal bill of exceptions also fails to state specifically counsel's objection to the charge or why the instruction was incorrect.
On the date of this trial the burden was on the accused to prepare his bills of exceptions in such a way that the appellate court could rule on them with reasonable certainty. State v. Todd, 173 La. 23, 136 So. 76 (1931); State v. Watson, 247 La. 102, 170 So.2d 107 (1964). Because the record fails to show upon what basis the objection was made, it cannot be presumed that the judge was informed of the grounds for the objection. This Court could only guess at what error counsel found in the trial court's lengthy discourse on criminal intent.
This bill not being properly reserved and perfected, we cannot consider it.
BILL OF EXCEPTIONS NO. 16.
This bill was reserved to the trial court's denial of defendant Roy Calloway's motion for a new trial. The grounds are generally that no evidence was presented linking Roy Calloway to the crime.
This bill lacks merit.
BILL OF EXCEPTIONS NO. 17.
This bill relates to the trial court's denial of the motion in arrest of judgment. The sole grounds for the motion were that Roy Calloway was not afforded counsel within 144 hours of his arrest, as required *808 by La.C.Cr.P. art. 230.1. This is not grounds for an arrest of judgment. La.C.Cr.P. art. 859.
This bill lacks merit.
BILL OF EXCEPTIONS NO. 18.
Before sentencing Roy Calloway the judge reviewed his record of prior convictions as justification for imposing a prison sentence of sixty years. Counsel objected to the judge's mention of those convictions.
This bill has no merit. The convictions were not mentioned before the jury and these observations by the court did not constitute error.
BILL OF EXCEPTIONS NO. 19.
This bill was reserved when defense counsel objected to the trial court's requiring him to move for an appeal before it set a return date. This bill has apparently been abandoned as counsel admits in brief that it has no merit. In any event, we find it is not well founded.
BILLS OF EXCEPTIONS RESERVED BY RAY CALLOWAY:
BILL OF EXCEPTIONS NO. 1.
This bill was reserved when the trial court refused, after holding a hearing, to suppress the identification of defendant Ray Calloway by the victims of the robbery. The objection was chiefly based upon the line-up procedure, at which time Ray was identified. The line-up was held in New Orleans because it was difficult to find persons of the same skin color and size as the defendant.
Ray testified he was refused the right to have counsel present at the line-up, which was held on January 31, 1973. The bill of information was filed against defendants on February 2, 1973. Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972) held there is no right to have counsel present at a pre-indictment line-up because this procedure is not considered to be a critical stage of the proceedings.
We find the line-up procedure was proper. This bill is without merit.
BILL OF EXCEPTIONS NO. 2.
Bill of Exceptions No. 2 was not properly perfected or briefed and is therefore considered abandoned. State v. Richmond, 284 So.2d 317 (La.1973).
BILL OF EXCEPTIONS NO. 3.
During voir dire examination, defense counsel asked one of the prospective jurors whether he felt the requirement that a man be proven guilty beyond a reasonable doubt was "fair to society." The trial court sustained the objection by the district attorney to the question since fairness is too vague a concept about which to question prospective jurors.
Defense counsel concedes in brief before this Court that this bill has no merit and was not prejudicial. We find no merit in this bill.
BILL OF EXCEPTIONS NO. 4.
See disposition of Bills of Exceptions Nos. 1 through 4 as to Roy Calloway.
BILLS OF EXCEPTIONS 5 and 6.
See Bills of Exceptions Nos. 5 and 6 as to Roy Calloway.
BILL OF EXCEPTIONS NO. 7.
See Bill of Exceptions No. 8 as to Roy Calloway.
BILLS OF EXCEPTIONS NOS. 8 and 9.
See Bills of Exceptions Nos. 9 and 10 as to Roy Calloway.
*809 BILL OF EXCEPTIONS NO. 10.
See Bill of Exceptions No. 11 as to Roy Calloway.
BILL OF EXCEPTIONS NO. 11.
This bill was reserved when the trial court overruled the defense objection to the State's eliciting from one of the arresting officers that he had received a report on the radio that the two suspects were believed to be in a black Cadillac.
The radio communication was admitted not to prove the truth of the assertion (i.e., that the suspects were in a black Cadillac), but to explain the sequence of events leading to the arrest of the defendants from the viewpoint of the arresting officers. The testimony was therefore not hearsay. See State v. Bluain, 315 So.2d 749 (La.1975).
This bill has no merit.
BILL OF EXCEPTIONS NO. 12.
See Bill of Exceptions No. 12 as to Roy Calloway.
BILL OF EXCEPTIONS NO. 13.
See Bill of Exceptions No. 13 as to Roy Calloway.
BILLS OF EXCEPTIONS NOS. 14 and 15.
Defendant Ray Calloway elected to take the witness stand in his own behalf. During cross-examination, the prosecutor questioned him as to his prior convictions. The judge ruled that the evidence as to prior convictions could only be considered by the jury for purposes of impeachment and not as substantive evidence. Defense counsel objected to the introduction of evidence of prior convictions even for the limited purpose of impeachment.
Under La.R.S. 15:495 and the prevailing jurisprudence (see, e. g., State v. Odom, 273 So.2d 261 (La.1973)), evidence may be introduced to impeach a defendant who takes the witness stand in his own behalf.
After defendant had admitted committing one theft, the prosecutor asked him if he had been sent to the penitentiary for that crime. Defense counsel objected and requested a mistrial. The trial court refused the motion for a mistrial, but admonished the jury to disregard the fact that defendant had been sent to the penitentiary. Defense counsel then reserved Bill of Exceptions No. 15.
La.C.Cr.P. art. 770 mandates a mistrial when the district attorney refers even indirectly to another crime committed by the defendant as to which evidence is not admissible. This provision is not applicable here because the reference was to the sentence for a crime, evidence about which was admissible. The only possible error was that the sentence was irrelevant for the purpose of attacking the witness' credibility. Any possible prejudice flowing from this question was cured by the judge's admonition. La.C.Cr.P. art. 771.
This bill lacks merit.
BILL OF EXCEPTIONS NO. 16.
Counsel for Ray Calloway objected to the trial court's allowance of recross-examination of his client by the State after his own redirect. No new matters were brought out on the recross-examination and defense counsel was permitted to examine defendant again after the recross.
The trial judge is vested with the discretion to govern examination of witnesses in court. La.R.S. 15:275. There is no basis to conclude that under the circumstances of this case the judge abused this discretion.
This bill has no merit.
*810 BILL OF EXCEPTIONS NO. 17.
See Bill of Exceptions No. 15 as to Roy Calloway.
BILL OF EXCEPTIONS NO. 18
This bill complains of the failure of the trial court to grant a motion for a new trial on the grounds that the evidence was insufficient to convict; that counsel had not been appointed when defendant was first arrested as required by La.C.Cr.P. art. 230.1; that women were excluded from the jury; and that defendant was absent during material parts of the proceedings.
There is "some evidence" upon which to convict defendant. Failure to have appointed counsel within 144 hours of arrest is not grounds for new trial. The trial occurred before the case of Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975) and the decision there was not retroactive. Daniel v. Louisiana, 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790 (1975). The minute entries indicate Ray Calloway was present at all critical stages of the trial.
This bill has no merit.
BILL OF EXCEPTIONS NO. 19.
This bill objects to the court's refusal to grant a motion in arrest of judgment. The stated basis for the motion is that the tribunal trying the case did not conform to the requirements of La.Const. Art. VII, § 41.
This bill has no merit.
BILL OF EXCEPTIONS NO. 20.
See Bill of Exceptions No. 18 as to Roy Calloway.
BILL OF EXCEPTIONS NO. 21.
See Bill of Exceptions No. 19 as to Roy Calloway.
The convictions and sentences of defendants are affirmed.
DIXON, J., dissents.
CALOGERO, J., dissents and assigns reasons.
CALOGERO, Justice (dissenting).
The majority refuses to consider defendants' bills of exceptions which are directed at the trial judge's giving an incomplete or improper jury charge relative to the requisite intent involved in this armed robbery offense. (See Defendant Ray Calloway's Bill of Exception No. 17 and Defendant Roy Calloway's Bill of Exception No. 15.) They do so for the stated reason that the record is silent as to defense reasons why the given charge was erroneous, and that the formal bills of exceptions also fail to state specifically why the charge was incorrect. Thus they contend that the bill was not properly reserved and perfected.
Certainly it is the general rule that the defendant must state the specific grounds upon which an objection is based at the time the objection is made in order to properly reserve his exception for appeal. The basis for this rule is that if the trial judge knows at the time of the error that the defendant objects and also knows the grounds for that objection, then the judge has the opportunity to correct the error. If there is error in the judge's charge to the jury, then the judge may change, explain, or correct his charge. State v. Chaney, 273 So.2d 259 (La.1973); State v. Fink, 255 La. 385, 231 So.2d 360 (1970). In this case, however, it is clear from the record that the trial judge had such an opportunity, but chose to continue his instructions on intent without changing their substance.
*811 The circumstances surrounding the assignment of this error arose during the judge's charge to the jury on the issue of intent. Presumably not wanting to interrupt the judge while he was speaking, and therefore chance prejudicing his client before the jury, the defense attorney rose and asked to make an "observation." Both attorneys were called to the bench for an off-the-record conference with the judge. According to the trial transcript, after the conference the judge resumed his charge to the jury without thereafter a noted objection by the defense attorney.
A reading of the record in this case makes it clear that the defense attorney made his objection, gave reasons therefor, was overruled by the judge, and reserved his bill during the conference at the bench. The minutes of the trial made by the Clerk of Court reflect the following statement:
"Whereupon, after hearing the closing arguments by and between counsel, the Court's charge was read to the Jury.
During the Court's charge counsel for the accused, Ray Calloway, reserved Bill of Exceptions No. 17 and counsel for the accused Roy Calloway, reserved Bill of Exceptions No. 15 to certain rulings made by the Court, during said charge, over said counsel's objections."[1]
Moreover, the trial judge himself signed formal bills of exceptions (No. 17 for Ray Calloway and No. 15 for Roy Calloway) which state that defendants' attorney made a proper motion, was overruled, objected, and reserved a bill. Furthermore, the state in brief specifically states that defendants made the objection and were overruled.
In sum, then, everyone present at the conference, the trial judge and the two attorneys, agree that defense attorney properly objected and reserved his bills. And the official minutes of the trial court so state. This Court's insistence that the transcript itself reveal the magic words, in the face of this overwhelming proof that counsel complied with the required procedure of preserving trial error for appellate review strains the standards of due process.[2] I feel that the Court should have examined the merit of defendants' bills.
The basis of counsel's objection to the judge's charge to the jury was that he did not charge the jury that it had to find that defendants had specific intent to commit the crime charged in order to find them guilty of armed robbery. Instead, the judge merely stated that the jury had to find that each had general intent (mensrea) in order to convict. He said: "In order to find the intent referred to in this case, it is merely necessary for you to determine from the facts and circumstances shown whether the act of the defendant was intentional or unintentional." However, our criminal code specifically says that commission of an armed robbery necessarily includes commission of a theft. In order to be found guilty of theft one must have been found to have had specific intent: "An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential." R.S. 14:67.
Failure of the judge to instruct the jury as requested that in order to convict it was necessary to find, among other things, specific intent to deprive the victim permanently *812 of whatever was the subject of the taking constituted reversible error, in my humble view.
I therefore dissent.

ON MOTION FOR REHEARING
PER CURIAM:
From an examination of the entire record, we have concluded that during the "bench conference" defense counsel objected to the trial judge's instructions to the jury as to intent. (Tr. 517-518). Our examination of the instructions to the time of the objection discloses that the trial judge correctly informed the jury of the essential specific intent: that the taking must have been with the intent to permanently deprive the victim of the thing taken.
The motion for rehearing is denied.
NOTES
[1] Ray Calloway's Bill No. 17 (assigned as this number in his formal Bills of Exception and argued as this number before this Court) is the error in the judge's charge on the question of intent. Roy Calloway's Bill No. 15 (assigned as this number in his formal Bills of Exception and argued as this number before this Court) is the same error in the judge's charge on the question of intent. No other assignment was made by either defendant in relation to the judge's charge.
[2] This Court has recently examined a similar situation and found that counsel did state the proper ground for his objection, although the objection was made during an off-the-record conference and was not properly noted in the trial transcript. See State v. Lucien and Marino, La.App., 323 So.2d 784, decided December 8, 1975.