| iLOBRANO, Judge.
Defendant, Lamond L. Payne, was charged by bill of information with being a convicted felon in possession of a firearm, a violation of Louisiana Revised Statute 14:95.1.
Defendant was arraigned on August 25, 1993 and pled not guilty.
On December 2, 1993, defendant was tried by a jury and was found guilty as charged.
On December 12,1993, defendant was sentenced to serve five years at hard labor without benefit of probation, parole or suspension of sentence and was assessed a fine of $1,000.00. Defendant’s sentence was to run concurrently with any other sentence already imposed.

*533
FACTS:

On July 28, 1998, defendant and a female companion were stopped on the Mississippi River Bridge by Officers Anthony Thompson and Ryan Hebert. Officer Hebert noticed that defendant’s temporary license tag had expired. As the officers exited their vehicle, the defendant exited his as well and walked directly back to Officer Hebert. The defendant first showed the officers his driver’s hlicense. Officer Thompson asked to see the vehicle registration papers. Defendant returned to his vehicle. When he opened the door, the dome light came on and Officer Thompson noticed a handgun on the front seat close to the driver’s side. He asked defendant to step back. Officer Thompson then advised Officer Hebert that he had seen a firearm. Officer Thompson then retrieved and unloaded the weapon. Officer Hebert entered defendant’s name in the computer and found that he was on probation for possession of cocaine. Defendant was then arrested for being a convicted felon in possession of a firearm. A subsequent search of the vehicle revealed another clip with live rounds on the floorboard of the driver’s side. The passenger, Aisha Ford, was found to have no record. She was allowed to leave in defendant’s car.
Defendant appeals his conviction and sentence asserting the following assignments of error:
1) The trial court erred in denying defendant’s motion pursuant to Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712 [90 L.Ed.2d 69] (1986).
2) The sentence imposed is excessive.

ASSIGNMENT OF ERROR 1:

Defendant asserts the State impermissibly exercised its peremptory challenges to exclude prospective jurors based on their race and is therefore entitled to a new trial pursuant to Batson v. Kentucky, supra.
In State v. Knighten, 609 So.2d 950 (La. App. 4th Cir.1992), this court succinctly stated the development of the law regarding the discriminatory use of peremptory challenges by a prosecutor to exclude potential jurors based solely on race:
^“Discriminatory use of peremptory challenges by a prosecutor to exclude potential jurors based solely on race has been long considered a constitutional violation. Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). The development of the law regarding this issue has revealed two distinct constitutional rights. Initially, in Swain and Batson, the Supreme Court established that discriminatory use by a prosecutor of his peremptory challenges to exclude members of the criminal defendant’s race from the jury violated the equal protection rights of the defendant. Here, the Supreme Court focused primarily on the constitutional right of the defendant to be tried by a jury of his peers. Swain v. Alabama, 380 U.S. at 203-204, 85 S.Ct. at 826-827; Batson v. Kentucky, 476 U.S. at 85-90, 106 S.Ct. at 1715-1718. Five years after Batson, the Supreme Court determined that discriminatory use of peremptory challenges by a prosecutor violated the Constitution even when the race of the defendant and the excluded jurors were not the same. In that case, the Supreme Court determined that the right of the potential juror to not be excluded on account of race was being violated, and that the criminal defendant was an appropriate party to raise the excluded juror’s claim. Powers v. Ohio, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991).
[[Image here]]
The Supreme Court in Batson held that the defendant must first establish a prima facie case of discrimination. The defendant must show facts and relevant circumstances which raise an inference that the prosecutor has used his peremptory challenges to exclude potential jurors on account of race. In making the determination of whether the defendant has fulfilled his initial burden of establishing a prima facie case, ‘the trial judge should consider all relevant circumstances, including any pattern of strikes by the prosecution against black jurors and any questions or statements by the prosecutor during voir dire examination in exercising his challenges which may support or refute an *534 inference of purposeful discrimination. State v. Collier, 553 So.2d 815, 819 (La. 1989); Batson, 476 U.S. at 96-97,106 S.Ct. at 1722-1723. Once the defendant has established a prima facie showing of discrimination, the burden shifts to the prosecutor to show his race-neutral reasons for his peremptory strikes. The prosecution’s reasons need not rise to the level of cause, but must be more than the prosecutor’s assertion of good faith or an explanation 14amounting to nothing more than a pretext for discrimination. The neutral explanation must be one which is clear, reasonably specific, legitimate and related to the particular case. State v. Collier, 553 So.2d at 820; see also Batson, 476 U.S. at 97-98, 106 S.Ct. at 1723. Finally, the ultimate burden of persuasion is on the defendant. State v. Thompson, 516 So.2d 349, 354 (La.1987); reh. den. (Jan. 1988).” at 952.
Louisiana Code of Criminal Procedure Article 795 also prohibits the use of peremptory challenges based solely on the race of the juror.[1]
We note that defendant’s Batson challenges were timely made. The trial court advised for the record that, as the jury was selected, both the State and the defense made challenges which were traversed and subsequently denied.[2] The trial court allowed counsel the opportunity to supplement the record on those challenges while the jury was deliberating.
The jury was composed of eight African-Americans and four Caueasian-Americans. The State exercised its peremptory challenge on eleven African-Americans and one Caucasian-American.
| sThe trial court did not state that the defense had proved a prima facie ease, but required the State to supplement the record with race-neutral reasons for its peremptory challenges.[3]
Where a trial judge, without expressly ruling on the issue, asks that race neutral reasons be given, the reviewing court may conclude that a prima facie case existed. See, Collier, supra, at 819, n. 5. This court has previously held that a trial court need not find a prima facie case of discrimination, but may ask the prosecution to give its race-neutral reasons as a precaution in the event that the appellate court determines that a prima facie inference existed. State v. Granier, 592 So.2d 883, 885 (La.App. 4th Cir. 1991), writ denied, 600 So.2d 1334 (La.1992). Nevertheless, in the instant case, we shall apply the Batson burden of proof analysis as we did in Knighten.[4]
To prove a prima facie case, the defendant must show facts and relevant circumstances which raise an inference that the *535 prosecutor has used his peremptory challenges to exclude potential jurors on account of race.[5]
^Considering the fact that eleven of twelve peremptory challenges were African-American and that the trial court requested race-neutral reasons from the State, we conclude that defendant has proved a prima facie case of discrimination. We now review the State’s race-neutral reasons to determine if the State carried its burden to rebut the inference of discrimination. The neutral explanation offered must be clear, reasonably specific, legitimate and related to the particular ease at bar. Collier, supra, at 820, citing Batson supra, 476 U.S. at 97-98, 106 S.Ct. at 1723. Disproportionate strikes alone are not unconstitutional; proof of discriminatory intent or purpose is required. Hernandez, supra, 500 U.S. 352, 358-59, 111 S.Ct. 1859, 1866. A prosecutor’s explanation of his peremptory strikes will be deemed neutral unless a discriminatory intent is inherent therein. State v. Williams, 610 So.2d 991, 1002 (La.App. 1st Cir.1992).
Four jurors were excused from the first panel. All were African-American women. These included jurors Nos. 76, 246 and 250 who were excused because they stated during voir dire that they could not find a defendant guilty of constructive possession. Initially, the State requested they be excused for cause. The request was denied after rehabilitation by the defense. The prosecutor then excused the women using peremptory challenges because he felt they could not be fair. It is well settled that jurors exhibiting reluctance either to be bound by the law or to apply it as instructed are properly excused and that such reluctance constitutes a race-neutral reason for exercising a peremptory challenge. Davis infra at 805. Juror No. 201 was excused because she had a friend who was incarcerated. She also expressed reservations about constructive possession. Both are race-neutral reasons for exercising peremptory strikes. See, State v. Davis, 626 So.2d 800, 805 (La.App. 2nd Cir.1993), writ denied, 632 So.2d 762 (La. 1994).
Five jurors were excused by the State from the second panel. Three were African-American women and two were African-American men.
Juror No. 25 was excused because during voir dire she displayed a “bad attitude” toward both the defense and the prosecution. The prosecutor stated that when this juror was called, she made several remarks to the effect that “she did not want to be any part of the jury, and didn’t want to go through this whole process, and didn’t even want to bother being here today.” The defense did not dispute these observations.
Juror No. 203 was excused because she appeared bored and did not respond to questioning put before the entire panel and was also non-responsive to “any of the questions whatsoever.” The defense did not dispute these reasons.
Juror No. 260 was excused because he expressed reservations about the felony-firearms law, La.R.S. 14:95.1. The prosecutor believed that he would not follow the law. This was a proper reason for a peremptory strike. Davis, supra at 805.
Juror No. 315 was excused because her son was currently incarcerated. The prosecutor felt that she could not be fair and impartial. This also is a legitimate reason for exercising a peremptory challenge. Davis, supra.
Juror No. 236 was excused because he was close in age of defendant. The prosecutor stated “... this juror could be more sympathetic towards the defendant than he said in voir dire.” It is the challenge to, and subsequent elimination of this juror, that the defendant focuses his argument.[6]
*536 | gDefendant asserts that the close in age reason given by the State is not a clear, legitimate race-neutral reason. Defendant makes the bare claim that the State’s real reason was that this juror would be more sympathetic because of his race. We find nothing during voir dire to substantiate defendant’s argument. A juror’s age has been found to be an acceptable race-neutral reason for the State to exercise a peremptory challenge. See, State v. Thompson, 516 So.2d 349, 354 (La.1987), cert. den., 488 U.S. 871, 109 S.Ct. 180, 102 L.Ed.2d 149 (1988); see also, Granier, supra, at 886.
The trial judge found the State’s reasons race-neutral and denied defendant’s motion.
The applicable standard of review requires that we give great weight to the factual conclusions of the trier of fact. Gra-nier, supra, at 886.
After reviewing the prosecutor’s reasons, coupled with the fact that eight of the twelve members of the jury were African-American, we cannot find that the trial court erred in denying defendant’s motion.
This assignment of error is without merit.

ASSIGNMENT OF ERROR 2:

Defendant asserts that his sentence is excessive.[7]
The imposition of a sentence, although within the statutory limit, may violate a defendant’s constitutional right against excessive punishment. State v. Cann, 471 So.2d 701 (La.1985); State v. Francosi, 511 So.2d 1181 (La.App. 4th Cir.1987).
laA sentence which appears to be severe is considered excessive and unconstitutional if it is grossly out of proportion to the severity of the crime or nothing more than the purposeless and needless imposition of pain and suffering. State v. Brogdon, 457 So.2d 616 (La.1984), cert. den., Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985).
In the instant case, defendant was sentenced to five years at hard labor without benefit of probation, parole or suspension of sentence and fined $1,000.00.
The statutory sentencing range for the instant offense is three (3) to ten (10) years at hard labor without benefit of parole, probation or suspension of sentence and a fine of $1,000.00 to $5,000.00.
At sentencing, the trial court noted that the sentencing guidelines recommended the three (3) year minimum sentence. The court noted that the guidelines must be considered, but not necessarily followed. See, State v. Smith, 93-0402 (La. 7/5/94), 639 So.2d 237. The court then stated that it considered the guidelines, but chose to depart from them noting that defendant was arrested on the instant offense while on probation for possession of cocaine. The court further noted that defendant had “persistently been involved in similar offenses;” that while on bond for the instant offense, the defendant was arrested on November 9, 1993, in Jefferson Parish and charged with R.S. 14:95 (illegal carrying of a weapon), R.S. 14:95.1 (felony in possession of a firearm), and R.S. 40:967 (schedule II drug charge). The court further noted that the defendant was also arrested in Jefferson Parish on July 28, 1993, two days prior to the instant offense and charged with R.S. 14:94 (illegal use of weapons) and R.S. 14:34 (aggravated battery).
lioConsidering defendant’s persistent involvement in drug and weapons charges, the sentence of the trial court is not excessive.
This assignment of error is without merit.
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Louisiana Code of Criminal Procedure Article 795 provides in pertinent part:
“C. No peremptory challenge made by the state or the defendant shall be based solely upon the race of the juror. If an objection is made that the state or defense has excluded a juror solely on the basis of race, and a prima facie case supporting that objection is made by the objecting party, the court may demand a satisfactory racially neutral reason for the exercise of the challenge, unless the court is satisfied that such reason is apparent from the voir dire examination of the juror. Such demand and disclosure, if required by the court, shall be made outside of the hearing of any juror or prospective juror.
D. The court shall allow to stand each peremptory challenge exercised for a racially neutral reason either apparent from the examination or disclosed by counsel when required by the court ..

. The state also made a reverse Batson challenge pursuant to Georgia v. McCollum, 505 U.S. 42, 112 S.Ct. 2348, 120 L.Ed.2d 33 (1992), challenging the defense’s having used ten of eleven peremptory challenges on Caueasian-Americans. No writ was taken by the State following the trial court’s denial of its challenge.

. In supplementing the record with race-neutral reasons, the State gave reasons for the first nine jurors excused. It was agreed in the trial court that there would be no challenges from either side during the third round of voir dire.

. In Knighten, our decision to follow the Batson burden of proof analysis even if the issue of a prima facie case was moot, was based on the United States Supreme Court's holding in Hernandez v. New York, 500 U.S. 352, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991). Hernandez held that once the prosecution proffers its race-neutral reasons, a trial court cannot then determine that a prima facie case did not exist, but must proceed to the ultimate conclusion of whether the defendant has fulfilled his burden of proving that the prosecutor discriminated in his peremptory exclusions. Knighten, supra, at 953, n. 2.

. In Batson, a prima facie case was established when the defendant showed that he is a member of a cognizable racial group, and that the prosecutor has used his peremptory challenges to purposely exclude members of that racial group from the jury. In the more recent opinion of Powers v. Ohio, supra, the high court ruled that the same constitutional claim existed when the defendant is not a member of the racial group purposely excluded from the jury. Thus, a defendant no longer is required to show that he is a member of a cognizable racial group.

. Defendant does not clearly abandon his challenge to the other excused jurors, but neither *536 does he argue that the State’s race-neutral reasons are false or pretextual.

. Motions to reconsider sentence, both oral and written, were made by trial counsel. However, no specific grounds were alleged for the trial court or this court to consider.